5

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
-BROWNSVILLE DIVISION-

United States District Court
Southern District of Texas
ENTERED

JAN 17 2001

Michael N. Milby, Clerk of Court
By Deputy Clerk 

| | | |
|---|---|---|
| ANTHONY DIXON, TDCJ # 849656, | § § § | |
| Plaintiff-Petitioner, | § § | |
| VS. | § § | MISCELLANEOUS NO. B-00-028 |
| WAYNE SCOTT, DAVID FORREST, FRANSIC OERTHER, JOSEPH HOLLOMAN, | § § § § § | |
| Defendants-Respondents. | § | |

INITIAL ORDER

Anthony Dixon, a prisoner proceeding *pro se* filed this civil rights complaint under 42 U.S.C. § 1983. Pending are Dixon's motion to proceed in forma pauperis (Docket No. 2), and motion for appointment of counsel (Docket No. 3).

I. ASSESSMENT OF FILING FEE

The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996) (the "Act"), which amends 28 U.S.C. § 1915, establishes certain financial requirements for prisoners who are attempting to bring a civil action or file an appeal in forma pauperis.

Under the Act, a prisoner bringing a civil action in forma pauperis must pay the full amount of the $150 filing fee. *See* Pub. L. No. 104-134 § 804(a)(3). The Act requires a prisoner seeking to proceed in forma pauperis to submit a certified copy of his inmate trust fund account statement for the six-month period immediately preceding the filing of his complaint so that the Court can determine how the $150 filing fee will be paid. *See id.* at § 804(a)(1). The prisoner must obtain this statement from the appropriate official of each prison at which he was or is confined. *See id.* The

Court must then "assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of – (A) the average monthly deposits to the prisoner's account; or (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint ...."[1] § 804(a)(3).

Dixon's inmate trust fund account statement for the six-month period immediately preceding the submission of his complaint shows average monthly deposit of $34.17, average monthly balances of $107.72, and a current balance of $10.02. Based upon this financial information, Dixon is assessed an initial partial filing fee of $10.00. Each time the balance in Dixon's inmate trust fund account exceeds $10, the Superintendent or other appropriate official at Fort Stockton or at any prison at which plaintiff may be incarcerated is directed to deduct an amount no greater than twenty percent of the money credited to Dixon's account during the preceding month and forward that amount to the Clerk of the United States District Court for the Southern District of Texas until the filing fee is paid.

Dixon may not have known when he brought this action that he must pay the filing fee, and that even if the full filing fee, or any part of it, has been paid, the Court must dismiss the case if satisfied that it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e). A case may be dismissed for being frivolous if the claim has no realistic chance of ultimate success, or has no arguable basis in law and fact. *See Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993); *Pugh*

---

[1] After the initial partial filing fee is paid, the plaintiff is "required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner [is required to] forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid." Pub. L. No. 104-134 S 804(a)(3).

*v. Parish of St. Tammany*, 875 F.2d 436, 438 (5th Cir. 1989). If the Court dismisses the case for any of these reasons, the Act does not permit the prisoner to get his filing fee back. The determination whether an action is dismissible under these grounds may be made prior to service of process. Therefore, such claims are dismissible *sua sponte* prior to service under 28 U.S.C. § 1915(e). *See Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990).

The Court will give Dixon twenty (20) days from the date of this order to decide whether he wants to proceed with this case. If by that time, plaintiff decides not to proceed with the case, he need not pay the $150 filing fee.

## II. APPOINTMENT OF COUNSEL

Generally, a plaintiff does not have a right to appointed counsel in a Section 1983 action. *See Hardwick v. Ault*, 517 F.2d 295, 298 (5th Cir. 1975). A district court is not required to appoint counsel unless the case presents "exceptional circumstances." *See Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982). The existence of such circumstances will turn on the quality of two basic factors: (1) the type and complexity of the case, and (2) plaintiff's abilities. *See id.* In Section 1983 actions, the Fifth Circuit has developed a four-part standard that the district court should consider in ruling on motions for appointment of counsel:

(1) Type and complexity of the case;

(2) Whether plaintiff is capable of adequately presenting his case;

(3) Whether plaintiff is in a position to investigate adequately the case; and

(4) Whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence in cross examination.

*See Jackson v. Dallas Police Dept.*, 811 F.2d 260, 262 (5th Cir. 1986) (quoting the factors enumerated in *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982)). The court should also

consider whether appointed counsel would aid in the efficient and equitable disposition of the case. *See Ulmer*, 691 F.2d at 213. Based on the balancing of the above factors as applied to this case, the court will not appoint counsel for Dixon. A review of his pleadings and motions to date demonstrate that Dixon is capable of representing himself. The instant case is neither peculiar nor complex. Accordingly, Dixon's Application for Appointment of Counsel is **DENIED**.

## III. SPEARS HEARING

The facts of this case have not been sufficiently developed to enable to the court to determine whether this action should proceed and service of process should be ordered, or whether it is dismissible. The plaintiff is therefore requested to furnish a more definite statement of facts, *see, e.g., Watson v. Ault*, 525 F.2d 886, 893 (5th Cir. 1976), and, in addition, a hearing is hereby ordered under *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), to further clarify the factual underpinnings of the claims. *See Cay v. Estelle*, 789 F.2d 318 (5th Cir. 1986).

## IV. CONCLUSION

Dixon's complaint shall be filed and the application to proceed in forma pauperis is **GRANTED**. Dixon will be assessed an initial partial filing fee and will be required to pay the statutory filing fee of $150.00. *See* 28 U.S.C. § 1915(b)(1) & (2). An initial partial filing fee of **$10.00 is ASSESSED** by this order. *See* 28 U.S.C. § 1915(b)(1). Dixon will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's trust account exceeds $10.00 until the filing fee is paid in full. Dixon's motion for appointment of counsel is **DENIED**.

Further proceedings are **STAYED** until the court makes the appropriate determination under 28 U.S.C. § 1915(e). *See, e.g., Mitchell v. Sheriff Dept., Lubbock County*, 995 F.2d 60 (5th Cir.

1993). The plaintiff shall file no motions and shall conduct no discovery until authorized by the court. Any motion filed or discovery initiated or conducted in violation of this order will be stricken.

Parties are reminded of the requirements of FED. R. CIV. P. 11; plaintiff in particular is advised that, though he proceeds *pro se*, this is a civil action in which a signature on pleadings is a declaration that the allegations in the pleadings are true, to the best of plaintiff's knowledge. If the allegations are not true, plaintiff may be subject to sanctions including, but not limited to:

(1)   automatic striking of the pleading or other document;

(2)   dismissal of the action;

(3)   an order to pay to the other party the reasonable expenses incurred because of the pleading or other document, including attorney's fees; and

(4)   monetary fines.

The Clerk will provide copies of this order to the parties.

DONE at Brownsville, Texas, on this the 17th day of January, 2001.

John Wm. Black
United States Magistrate Judge