IN The UNITED State District Court
For The Southern District OF Texas
Brownsville Division

Case 1:00-mc-00028   Document 8   Filed in TXSD on 07/10/2001   Page 1 of 41

8

United States Courts
Southern District of Texas
FILED

JUL 1 0 2001

Michael N. Milby, Clerk

Anthony Dixon, Pro Se          §
            Plaintiff

                               §        MISC

        VS                              ~~Civil~~ Action
                               §        NO. B-00-028

Wayne Scott, David forrest,    §        Jury Trial
                                        Demanded
Francis Oerther and Joseph
                               §
Holloman, ET AL
            Defendants


        Plaintiff  First Amended  Complaint




                        Respectfully Submitted

                        _Anthony Dixon_

                        Anthony Dixon #849656
                        Plaintiff Pro Se
                        1695 South Baffalo Dr.
                        Raymondville, Texas
                                        78580

# Table of Contents

Introductory                          Pages
                                      1, 2, 3, 4 & 5

Preliminary Statement                 Paragraphs
                                         6 - 13

Jurisdiction                             14

Venue                                    15

Parties                                16 - 31

Causes of Action                      Pages
                                      21 - 33

Relief Requested                      33 - 37

# Claims

1. Deliberate Indifference to Serious medical Needs, "to the Plaintiff's".

2. The Arbitrary Obstruction and Denial of Access To Courts, "to the Plaintiff's".

3. Deliberate Indifference to Plaintiff's Safety.

## Defendants

1. Texas Department of criminal Justice
2. Texas Department of criminal Justice Institutional Division
3. Wackenhut Corrections Corporations.
4. Wayne Scott
5. Gary Johnson
6. David forrest
7.    Rodriguez
8. E. Bravo
9. R. Orozco
10. Joseph Holloman
11. Francis Oerther
12. Ricky Pool
13. Frank Hoke
14. Vicky Barrow
15 John Doe DeLeon

IN The UNited State District Court
For The Southern District oF Texas
BrownsVille Division

Anthony Dixon, Pro Se
     Plaintiff

§
§
§   CiViL AcTioN
§    NO. B-00-028

Wayne Scott, David Forrest,
Francis Oerther, and Joseph
Holloman, ET AL.
        Defendants

§ Jury Trial Demanded

## Plaintiff First Amended Complaint

This is a Civil suit for damages under
42 U.S.C.A. § 1983 to redress the Deprivation of
the Rights, Privileges and Immunities of Anthony
Dixon (hereafter Plaintiff) in Violation of Clauses
of the First, Sixth, Eighth and Fourteeth Amendments
to the United States Constitution, the Laws of the
United States and the Laws of the State Of Texas.
Anthony Dixon asserts upon knowledge with respect
to himself and his own actions, and Otherwise upon
information and belief, as follows in this, his First
Amended Complaint.

Each and every fact in this Amended Complaint
and the Causes of action, and each and every

Page 1.

attachment to this Amended Complaint is included as part of each of the Causes of action. Each of the attachments is an accurate transcription of the item identified

## I.

1. This Civil Rights Suit for damages arises out of the Deliberate Indifference to this Plaintiff's Serious Medical Need, the arbitrary Obstruction and denial of Access to Courts, and the Deliberate Indifference to this Plaintiff's Safety in Violation of the First, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and for the additional Torts of Emotional Distress, Mental Anguish, Pain and Suffering and for Compensatory and Punitive Damages. Plaintiff also alleges the Tort of Negligence.

### Medical

2. Defendants Joseph Holloman and Francis Oerther failed to Perform the Necessary Corrective Oral Surgery required to alleviate the pain and Suffering endured by Plaintiff as a direct result of his Medical condition. T.M.J. Dysfunctional Syndrome. These two defendants were Deliberately Indifferent to Plaintiff's Serious medical Needs and Permitted him, and Continue to Permit him to endure Unnecessary and Wanton Pain and Suffering daily, directly

CMPDF - www.fwio.com

resulting from his medical condition and their Indifference to his Medical Needs.

Chapter 494 Government Code, Private Vendors

3. Defendant's Wackenhut Corrections Corporation and David Forrest intentionally interfered with [Defendants Hilleman's and Gerther's diagnosis of Plaintiff's required Medical Treatments.] Wackenhut Corrections Corporation (hereafter WCC) and David Forrest were and continue to remain Deliberately Indifferent to Plaintiff's Serious Medical Needs by their preventing him from Obtaining his Medically diagnosed Corrective first surgery, and by their Knowingly and intentionally Prolonging the unNecessary and Wanton pain and suffering Plaintiff endures on a daily basis.

Classification

4. Defendants R. Orozco, David Forrest, E. Bravo and John Doe Deleon failed to enforce a policy, or to take other reasonable steps to protect this Plaintiff and Other Prisoners from threats and assaults by Other inmates. These defendants are responsible for creating conditions that are dangerous to all Texas Department of Criminal Justice - Institutional Division (hereafter TDCJ-ID) Prisoners confined at the Willacy/Cameron

Page 3.

...unty State Jail Facility, located in Raymondville, Texas. These defendants have established and nurtured a prison environment that both stimulates and condones violence. These defendants are deliberately indifferent to the risk of harm to all Institutional Division (hereafter ID) prisoners. and to a number of identifiable groups of prisoners which are confined in the Wackenhut Corrections Corporation Willacy/Cameron County State Jail Facility in Raymondville, Texas.

## Access To Courts

5.      Defendants Wayne Scott, Gary Johnson, Ricky Pool, Vicky Barrow, WCC, David Forrest, Rodriguez and R. Orosco has continued to deny Plaintiff access to the courts by their failure to provide him with a meaningful and effective Law Library facility to enable him to effectively prepare his appeal to a criminal conviction in which a punishment of twenty five (25) years prison sentence was assessed against him and other legal matters. These defendants have Obstructed Plaintiff's attempts to secure reasonable and effective research and legal materials required to effectively attack his conviction on appeal and other Legal matters; Defendants Knowingly and Intentionally placed the agencys interest above Plaintiff's right to Access To Courts when the

"Interest" of the agency in doing so, served No Penological Purpose. These defendants acts were arbitrary and malicious in their intent and has adversely affected this Plaintiff's ability to effectively appeal his criminal conviction and litigate other legal matters. Defendants has Arbitrarily Obstructed and Denied Plaintiff Access To Courts.

## Preliminary Statement

6.  Plaintiff was convicted of the Offense of Possession of a Controlled Substance on the date of 11/5/98 in Cause No. 780370 in the 182nd Judicial District Court of Harris County, Texas. Plaintiff was assessed a punishment of twenty five (25) years confinement in the Institutional Division of the Texas Department of Criminal Justice.

7.  Plaintiff was received by the Institutional Division of the Texas Department of Criminal Justice (hereafter TDCJ) at the Garza West Transfer Facility in Beeville, Texas on the date of 12/8/98. He was transferred to the custody of David Forrest and W.C.C. on the date of 8/5/99 which resulted in his assignment to the Willacy/Cameron County State Jail Facility located at 1695 South Buffalo Dr., Raymondville, Texas 78580.

8.  While at the Willacy County State Jail Facility Plaintiff began to develope complications and

...in in his Jaw. He sought medical treatment from Dr. Joseph Holloman, the Dentist at the Willacy County State Jail (hereafter W.C.S.J.). During the period from 11/9/99 thru 12/6/00 Plaintiff continued to seek medical treatment to alleviate the Pain in his Jaw. Joseph Holloman diagnosed Plaintiff as suffering from T.M.J. Dysfunction Syndrome and he prescribed Corrective Oral Surgery.

9.    The unit administration at W.C.S.J. interferred with the Prescribed medical treatment by Dr. Joseph Holloman to correct Plaintiff's medical condition and relieve the Pain he was and continues to endure. The W.C.S.J. administration under the tenants and customs of W.C.C. has Deliberately interfered with Prescribed Medical treatments in their Indifference to this Plaintiff's Serious medical needs in Violation of his Eighth Amendment Constitutional rights.

10.    Defendants Gary Johnson, David Forrest, E. Bravo, R. Orosco, John Doe De Leon and W.C.C. have Knowingly exposed this Plaintiff and every Prisoner assigned to this W.C.S.J. unit to a generalized Serious Risk of injury through inmate assaults and threats, in Violation of his Eighth and Fourteenth Amendment rights by housing him with groups of inmates who are reputed, confirmed and suspected of membership to a vast Number of gangs classified

Page 6.

by the TDCJ-ID as disruptive groups. Such inmates are required under State Law to be segregated from general Population prisoners who are not as aggressive in nature.

11.  Defendants TDCJ, Wayne Scott, Gary Johnson, Wcc., David Forrest, E. Bravo, John D. DeLeon, and R. Orosco knowingly and intentionally violate State Law by premitting TDCJ-ID State Jail inmates (hereafter "Confinees") Contact with TDCJ-ID State Prison, inmates (hereafter "ID's) on a daily basis through Education Programs, Infirmary Visits, Church Programs, General Library, Law Library, Supply Line, Pill Line, Sally Ports, Bowling Alleys, Commissary Line, Visitation, by every other matter of Program and means, excluding housing Assignment and recreation.
This places Plaintiff and every ID inmate at a general risk to Serious bodily injury by Confinees. As ID's receive good time credits toward early release for good behavior, and where as Confinees Serve their time day for day with no credit for good behavior or opportunity for early release. The Confinees have nothing to loose by assaulting an ID inmate, and regularly do so for ID gangs. The defendants are "aware" of the rate of violence resulting from wide spread gang activity, and of the number of assaults upon ID inmates by.

Page 7.

confinees and still refuse to establish or enforce "Policies" inspite of other pending assault litigations to stop the open gang activity and provide a "safe" and heathful living environment for prisoners assigned to the W.c.s.J.

12. Defendants TDCJ-ID, W.c.c., Wayne Scott, Gary Johnson, David Forrest, Rodriguez, Ricky Pool, Vicky Barrow, Frank Hoke and R. Orosco has intentionally denied Plaintiff an effective and reasonable Access to courts to enable him to attack his criminal conviction and other legal matters in violation of his Sixth Amendment Right, the Due Process Clause, the Equal Protection Clause, the First Amendment and the Privileges and Immunities Clause of Article IV of the U.S. Constitution.

13 This Plaintiff seeks Damages for Violations of his First, Sixth, Eighth and Fourteeth Amendment Rights to the U.S. Constitution, for State and Federal Law Torts Of Emotional Distress, Mental Anguish, compensatory and Punitive Damages.

## II
## Jurisdiction

14. Jurisdiction is found upon 42 U.S.C.A. § 1983. Plaintiff invokes this Court Pendent or Supplementa

Page 8.

Jurisdiction over his State Law Tort Claims under 28 U.S.C. § 1367.

## III.
## Venue

15.    Venue is Proper in this District under 28 U.S.C. § 1391(b) and Texas (House Bill 1343) Government code.

## IV.
## Parties

16.  A. Plaintiff:

Plaintiff Anthony Dixon is an individual and a resident of the State of Texas, who is currently a prisoner in the Institutional Division of the Texas Department of Criminal Justice.

17.    Plaintiff is Presently assigned to the Willacy County State Jail located at 1695 South Buffalo Dr., Raymondville, Texas 78580.

B. Defendants:

18.    Defendant David Forrest is an individual and a resident of the State of Texas, who is employed by Wackenhut Corrections Corporation

as Senior Warden at the Willacy County State Jail Facility located at 1695 South Buffalo Dr., Raymondville, Texas 78580. Among other duties as senior warden; Defendant Forrest is a "Policy" maker, and has the lawful responsibility to create, implement and enforce Policy and Procedures, to provide a "Safe and healthful living environment for prisoners who are entrusted to his custody and care. Defendant Forrest has a lawful responsibility to know and abide by the State and Federal Laws that govern his actions as Senior Warden, and defendant Forrest shares in the reponsibility for the enforcement of Lawful conduct by his subordinates. Defendant Forrest is not trained, licensed or otherwise qualified to make any manner of determinations regarding the medical needs of prisoners under his custody and care. Defendant Forrest is sued in his "Official Capacity" as senior warden and "Individual Capacity". Service can be made at Willacy County State Jail, 1695 South Buffalo Dr., Raymondville, Texas 78580.

19.     Defendant E. Bravo is an individual and a resident of the State of Texas who is employed by the Wackenhut Corrections Corporation as Assistant Warden of the Willacy County State Jail, located at 1695 South Buffalo Dr., Raymondville, Texas 78580. In his capacity as the Assistant Warden, Defendant Bravo is

responsible for internal security at the unit level, among his other duties. As Security Warden, Defendant Bravo has the lawful responsibility to be knowledgable of all TDCJ-ID Security "Policies" and Procedures, all State and Federal Laws which govern his actions as Security Warden and to be familiar with all applicable State and Federal Law regarding the Proper classifications of Prisoners to provide a safe and healthful living environment for the general Prisoner Population and any other population classes of Prisoners confined at the Willacy County State Jail. Defendant Bravo has a responsibility to be knowledgable in the State and Federal Laws governing classification, separation and housing of identifiable classes of Prisoners. Defendant Bravo is sued in his official capacity as Security Warden and Individual capacity. Service can be made at Willacy County State Jail, 1695 South Buffalo Dr., Raymondville, Texas 78580.

20.     Defendant  Rodriguez is an individual and resident of the State of Texas who is employed by Wackenhut Corrections Coporation as Assistant Warden at the Willacy County State Jail Facility, located at 1695 South Buffalo, Dr., Raymondville, Texas 78580. As Assistant Warden, Defendant Rodriguez is Program and Service Administrator. Defendant Rodriguez, in his capacity is

Page 11

responsible for Education and Training at unit level, among his other duties. As Education and Training Warden, Defendant Rodriguez has the lawful responsibility to be knowledgable of all TDCJ-ID educational and training Policies and Procedures, all State and Federal Laws which govern his actions as Education and Training Warden and to be familiar with all applicable State and Federal Laws regarding the proper education and training of prisoners to prepare them to become active members of society. Defendant Rodriguez has the responsibility of adequate and effective operation of the Law Library, to ensure that each separate class of prisoners is not deprived of Access To Courts. Defendant Rodriguez is responsible for providing texts and legal materials required so that the prisoners can effectively litigate, to Redress Grievances and attack their Criminal Convictions, and other legal matters. Defendant Rodriguez is sued in his Official Capacity as Program and Service Administrator and Individual Capacity. Service can be made at Willacy County State Jail, 1695 South Buffalo, Dr., Raymondville, Texas 78580.

21    Defendant R. Orozco is an individual and a resident of the State of Texas who is employed by the Wackenhut Corrections Corporation as

the Chief of Classifications at the Willacy County
State Jail Facility, located at 1695 South Buffalo
Dr., Raymondville, Texas 78580. Among other duties
as Classifications Supervisor, Defendant Orozco
has a lawful responsibility to be acutely aware
of all Court Orders, established TDCJ-ID Classific-
ation and housing of Prisoners assigned to the
Willacy County State Jail. Among other duties
Defendant Orozco has the responsibility to
ensure that all Prisoners at the Willacy County
State Jail are properly Classified, and are
housed in accordance to information and fact
in their Classification files, pursuant to TDCJ-ID
"Policy" and Procedure, and the State and Federal
Laws governing Prisoner Classifications. Defendant
Orozco has a reprnsibility to be Knowledgable in
the State and Federal Laws governing Classific-
ation, Separation and housing of identifiabl.
Classes of Prisoners. Defendant Orozco is sued
in his Official Capacity as Classifications Chief
and Individual capacity. Service can be made
at Willacy County State Jail, 1695 South Buffalo
Dr., Raymondville, Texas 78580.

22.    Defendant "John Doe" DeLeon is an individual
and a resident of the State of Texas who is
employed by the Wackenhut Corrections
Corporation and assigned to the Willacy County
State Jail Facility, located at 1695 South Buffalo

Jr., Raymondville, Texas 78580. Defendant Deleon's among other duties, is employed as the Gang Intelligence Officer (hereafter "G.I.") at the Willacy County State Jail. Defendant Deleon's duties as "G.I." include the gathering of intelligence thru surveillance, Investigative Interrogation Tattoo Identification and Inmate 'Snitches" to identify Prisoners and confirm or suspect their membership to any of the multitude of "Groups" classified by the TDCJ-ID as "Prison Gangs" or otherwise a "Disruptive Group." Defendant Deleon's manner of gathering Gang Intelligence, fact and information is governed by TDCJ-ID "Policy" and "Procedure" and the laws of the State of Texas. Defendant Deleon Works hand and hand with Defendants Bravo and Orozco and She was in the Lawful responsibility to provide a 'safe and healthful" living environment for the general Prisoner population at the Willacy County State Jail. Defendant Deleon has a Lawful responsibility to Know and abide by all TDCJ-ID Classification and Housing requirements, and the State and Federal Laws mandating classification, Separation, and Housing requirements for suspected and confirmed members of "Disruptive Groups" and any other such identifible class of Prisoner which may pose a risk to security or inmate safety. Defendant Deleon is sued in his Official

capacity as Gang Intelligence Officer and Individual Capacity. Service can be made at the Willacy County State Jail 1695 South Buffalo Dr., Raymondville, Texas 78580.

23. Defendant Wackenhut Corrections Corporation (hereafter W.C.C.) is a Division of Wackenhut International. The (Defendant) W.C.C. is a world wide Correctional Corporation designed for the management and care of Convicted Felons. As is applicable in this case, (Defendant) W.C.C. Operations are governed under Texas State Law and the Laws of the United States. Additionally under the Provisions of Chapter 494 of the Texas Government Code, (Defendants) W.C.C is Classified as a private Vendor and is required to adhere to all Federal and State Law, all TDCJ Policies and Procedures, and all Court Orders in its management and care of TDCJ-ID prisoners (hereafter "I.D.") and TDCJ State Jail Prisoners (hereafter 'Confinees'). The (Defendant) W.C.C. also falls under the guide-lines of the Texas Commission on Jail Standards and is required, under Statutory Law to maintain each standard set forth under said Commission. W.C.C. (Defendant) has a Lawful responsibility to provide and maintain a safe and healthful living environment for all Prisoners entrusted to its custody and care under contract with the State of Texas. Neither the Wackenhut Corporation

or it's Officials and employees share in the Qualified imunities enjoyed by the State of Texas, it's agents and Officials. Defendant W.C.C. is sued jointly and severally with each and every Named defendant under its employment at the time of the accrual of each of the causes of action. Service can be made at 1701 Directors Blud., Suite 740, Austin Texas 78744.

24. Defendant Joseph Holleman is an individual and a resident of the state of Texas. Defendant Holleman is employed by W.C.C. as the Dentist at the Willacy County State Jail Facility located at 1695 South Buffalo Dr., Raymondville, Texas 78580. Defendant Holleman has a Moral and Ethical responsibility to provide proper treatment and care for persons under his medical Practice and care. Defendant Holleman's actions and Medical Practices are governed by the Tort Laws of the State of Texas. Defendant Holleman is sued in his Professional capacity and his Official capacity as W.C.C. Medical Personnel. Service can be made at Willacy County State Jail, 1695 South Buffalo Dr., Raymondville, Texas 78580.

25. Defendant Francis Oerther is an individual who is a resident of the State of Texas. Defendant Oerther is employed by the W.C.C. as Health Administrator at the Willacy County State Jail

Facility. In addition to other duties, Defendant Oerther is responsible for the management and operations of the Medical Bureau at the Willacy County State Jail. Defendant Oerther has an Ethical, Moral and Lawful responsibility to see that Prisoner's receive proper, meaningful and effective health Care in the treatment of their necessary Medical Needs. Defendant Oerther has a Lawful responsibility to be knowledgable of all state and Federal Laws which govern her actions as Health Administrator. Defendant Oerther is sued in her Official Capacity as **Health** Administrator and Individual Capacity. Service can be made at Willacy County State Jail, Medical Bureau, 1695 South Buffalo Dr., Raymondville, Texas 78580.

26. Defendant Wayne Scott is an individual and a resident of the State of Texas, who is employed by the State of Texas as the Executive Director of the Texas Department of Criminal Justice (hereafter TDCJ). As Executive Director, Defendant Scott shares in the responsibility for the treatment of prisoners who are under the custody and control of the TDCJ. Defendant Scott has the lawful responsibility to ensure that Prisoners under his custody and control receive humane treatment and that their conditions of confinement are within the mandates set forth by Court

Page 17

orders. Defendant Scott has the responsibility for the management and operations of the TDCJ in accordance to State and Federal Laws. Defendant Scott is sued in his Official Capacity. Service can be made at P.O. Box 99 - Spur 59, Huntsville, Texas 77342 - 0099.

27.     Defendant Gary Johnson is an individual and a resident of the State of Texas, who is employed as the Director of the Institutional Division of the TDCJ (hereafter TDCJ-ID). As Director of the TDCJ-ID, Defendant Johnson Shares in the responsibilities held by Defendant Scott. Defendant Johnson is responsible for the management on operations of the Institutional Division of the TDCJ and the contracting for the custody and care of TDCJ-ID prisoners by private vendors who is under his management and operations responsibilities. Defendant Johnson is sued in his Official Capacity and Individual Capacity. Service can be made at P.O. Box 99 Spur 59, Huntsville, Texas 77342 -0099

28.     Defendant Ricky Pool is an individual and resident of the State of Texas who is employed by the TDCJ in the capacity of Access To Courts Coordinator. Among other duties, Defendant Pool is responsible to make determinations regarding any special Legal Needs of prisoners in the TDCJ-I

Defendant Pool has a lawful responsibility to initiate a unit transfer for a prisoner through the State Bureau of Classifications and Records, when the prisoner has met the requirements necessary to fulfill the requisites of the TDCJ-ID Access To Courts Policies and Procedures for a prisoner's transfer to a unit with a full Law Library. Defendant Pool may not lawfully place any interest which does not serve a compelling penalogical purpose above the special Legal Needs of a prisoner. Defendant Pool has a lawful responsibility to be knowledgable of all State and Federal Laws which govern his actions as Access To Court Coordinator. Defendant Pool is sued in his Official Capacity as TDCJ-ID Access To Courts Coordinator and Individual Capacity. Service can be made at 2405 Avenue I, Suite J, Huntsville, TX. 77340-5831

29.     Defendant Frank Hoke, is a individual and resident of the State of Texas, who is employed by the TDCJ in the capacity of Access To Courts Administrator. Among other duties, Defendant Hoke is responsible for providing Policies and Procedures that will allow all class of prisoners to have full Access To Courts. Defendant Hoke is responsible to ensure that required Texts and Legal Materials is available within the TDCJ-ID Prison system and it's Private Vendors that are under contract for the

custody and care of ID prisoners. Defendant Hoke provides for the needs of prisoners by placing adequate and effective law library holdings at the unit levels. Defendant Hoke provides a Loan Program that makes available to the prisoners texts, legal materials or copies from them upon request of the prisoner, when they are not available at he unit of location. Defendant Hoke has a lawful responsibity to be knowledgeable of all state and Federal laws which govern his action as Access To Courts Administrator. Defendant Hoke is sued in his official capacity as TDCJ-ID Access To Courts Administrator and Individual capacity. Service can be made at 1036 11th St., Huntsville, Texas 77340-5964

30      Defendant Vicky Barrow is an individual and a resident of the State of Texas, who is employed by the TDCJ under the Access To Courts Program. One of Defendant Barrow's duties among other duties in the TDCJ Access To Courts Program is to monitor, through Audits, the Law Library Facilities within the TDCJ-ID prison system and its Private Venders that are under contract for the Custody and Care of ID prisoners. Defendant Barrow shares in the responsibility to provide each class of prisoner an adequate and effective Law Library Holdings at the unit levels. Defendant Barrow has a lawful responsibility

to monitor unit Law Libraries to ensure that each separate class of prisoners is not Deprived of an access to Texts and materials required by the Prisoners to effectively litigate to Redress Grievances, or attack their criminal convictions and other legal matters. Defendant Barrow has a Lawful responsibility to be knowledgable of all State and federal Laws which govern the Access to court, Program. Defendant Barrow is sued in her Official capacity under TDCJ-ID Access To courts Program and Individual capacity. Service can be made at TDCJ-ID Head quarters P.O Box 99, B.O.T Warehouse Spur 59  Huntsville, Texas 77342

31.    All Defendants has Acted, and constitionits Act, under color of state Law. All Defendants must Not be Deliberate Indifference that causes a civil or constitutional violation of the Plaintiff's Rights. All Defendants must not violate any of the Plaintiff State or Federal Laws. color of State Law at all times relevant to this complaint.

First Cause of Action
Against Defendants Joseph Holloman, Francis Oerther, David Forrest, Wackenhut Corrections Corporation, and Wayne Scott, for Intentional Infliction of Emotional Distress, Mental Anguish, Pain and Suffering and for Punitive Damages, for Deliberate Indifference to his serious medical needs.

Plaintiff asserts that during the period of 09 November, 1999 through 13 January, 2001 he actively sought the Oral Surgery required to alleviate the pain he endures in his jaw on a daily basis, through Institutional Medical Request and Grievance Forms to correct his T.M.J. Dysfunction Syndrome medical condition.

33. Plaintiff asserts that he was diagnosed with T.M.J. Dysfunction Syndrome on 09 November, 1999 by Defendant Joseph Holloman. Defendant Holloman stated to this Plaintiff on that date, that Oral Surgery is required to correct Plaintiff's Medical Condition and to alleviate the pain and Discomfort endured by Plaintiff as a result of any movement of his Jaw. Defendant Holloman also stated on this date he could perform the surgery Plaintiff required, but Needed to obtain Administrative approval before he could perform the surgery.

34. On 11 January 2000 Plaintiff was again seen by Defendant Holloman about the Pain in his Jaw. Defendant Holloman apologized to this Plaintiff Stating that he would Not be Permitted to perform the Oral Surgery Needed to correct the Plaintiff's Medical condition, stating that Administration had refused approval of corrective Surgery For NON-Medical Factor's.

Plaintiff asserts that he was later taken off all medications that he had been prescribed by Defendant Joseph Holleman to assist him in enduring the discomfort and unnecessary and wanton pain and suffering caused by movement of his jaw. Plaintiff contends that Defendant Joseph Holleman discontinued the prescribed medication under Administrative Pressure.

36. Plaintiff asserts that the medical judgment of Defendant Joseph Holleman was "interfered" with by "Non-Medical Factors", by Wackenhut Corrections Corporations officials disregarding Defendant's Dr. Joseph Holleman surgical recommendation to treat Plaintiff's serious medical need. Wackenhut Corrections Corporations Willacy County State Jail Administration utilizes customs and unwritten policies and procedures restricting medical care to prisoners generally, based solely upon financial costs to the Corporation to meet a prisoner's medical needs. Plaintiff contends that restrictions placed on, and "interference" with medical judgments by Non-Medical Factors constitutes "Deliberate Indifference to his serious medical needs.

Second Cause Of Action
Against Defendants David Forrest,
E. Bravo, R. Orozco, John Doe De Leon,
and Wackenhut Corrections Corporations,
for Deliberate Indifference to Prisoners
Safety, Negligent Classification Of
Prisoner, For mental Anguish, Emotional
Distress and for Punitive Damages.

37.   Plaintiff States that Willacy County State Jail
Officials are Deliberate Indifferent to the risks
of danger to the general Prisoner Population. They
promote an environment that stimulates and
condones violence through their customary
treatment and special priviledges given to known
Prison Gang Lords; by permitting the gang lords
and their gang members to serve as Building
Tenders in all general population housing areas;
by permitting state Jail confinees daily inter-
actions with State I D's Offenders; by permitting
inmate on inmate assaults; by their failure to
properly segregate known and suspected gang
members from the general population; and by
their failure to properly segregate State Jail
confinees from Texas Department of Criminal
Justice - Institutional Division Offenders.

38.   Plaintiff asserts that Defendants Forrest,

Page 24.

Bravo, Orozco and DeLeon has sufficient facts and information to "comfirm" membership or approximately 35 percent (35%) of this unit population, to that of Numerous Disruptive Groups (ie Mexican Mafia, Texas Syndicate, Pistoleros, Corpitos, San Antos, Aryan Brotherhood, Aryan Circle, Hou-tos H-town, Crips, Bloods and others). The same such information and facts is in the Defendents possession, which would lay suspicion of membership to gangs, approximately an additional 25 percent (25%) of the unit population. State Law requires these officials to provide a safe and Healthful living environment for prisoners under their custody and care.

34.    Defendants Forrest, Bravo, Orozco and DeLeon has undisputed confirmation of the identities of the leaders of all the Gangs of the Willacy unit location. They refuse to segregate these leaders, confirmed or suspect Gang members from the general prisoner population. Instead, Officials send to these leaders and their gangs housing them in the most comfortable housing areas (known as Treatment), permitting these leaders and their gangs to serve as "Building Tenders", Controlling and operating Day rooms, Televisions, Tables, etc and openly Disciplining inmates, both Gang members and those who are not members of any Gangs (Known as "Solos" or Solonos) by physical assaults.

Page 25

Defendants Forrest, Bravo, Orozco and DeLeon do permit, and condone "Dropping an Inmate". This is a common activity and manner of inmates disciplining other inmates. The Aryan Brotherhood Captain is openly permitted to slap other inmates around, travel under protection of inmate Body Guards" to all housing areas to discipline, or issue order for the disciplining of any white prisoners. So is the same such permitted for the Crip Leader to discipline all blacks, and Mexican Mafia (mm) and Texas Syndicate (T.S.) to issue discipline on hispanics. Most often, discipline comes in the form of two (2) to four (4) inmates armed with canned goods in a pillow case, or commissary bag, who sneak up behind the unsuspecting inmate and beat him with those fashioned weapons. If an inmate is lucky he will only suffer a beating by two (2) to three (3) inmates only using fists and feet to beat him to the ground. The custom after such a "Discipline" is for DeLeon to come escort the disciplining gangs leader to Warden Forrest and/or Warden Bravo. Where the warden's ask the Gang Leader if the discipline is complete, Will it be safe for the inmate to return to Population? No sanctions against Gang Leaders are forth comming.

41.    Defendants Forrest, Bravo, Orozco and

calculated for participation in his assigned **Job**. An incentive of early release for good behavior is created by Texas Good Conduct Time Statute for I.D. inmates.

45    I.D.'s and confinees are forced to interact with each other on a daily basis in every form of program here except housing assignments and recreation time. No adequate separation exists to ensure the protection of an I.D. inmate's Liberty Interest from acts against them by confinees. It is the custom of all the gangs here to use their confinee members to carry out "Hits" and "Disciplines" on others inmates. The confinees have Nothing to Lose, the I.D. inmates do, therefore, Mass episodes of extortion and assault has become a way of prison life here. Defendant Administrators here promote and condone these assaults on inmates by inmates; as a large number of gang disciplines mettled out are resulting from "disrespectfulness," to Wardens, Officers and C.O.'s. These Wardens and employees use these gangs to inflict Punishments on other prisoners in retaliation for disrespectful attitudes and verbal abuse. This conduct is unlawful.

46    Plaintiff contends that the Totality of these acts Constitute a "Deliberate Indifference to the Safety of all Prisoners confined to the

Page 28

Wackenhut Willacy County State Jail. Population at this location is roughly one thousand (1000) Prisoners of which only approximately three hundred and ten (310) prisoners are actually State Jail Consinees.

47.   Plaintiff certifies he has filed Grievance about the unlawfulness of defendants classification of inmates at this unit level and exposure of ID inmates to confinees on a daily basis. The Defendants has written policies and Rules available which are contrary to the allegations raised in this Second Cause of Action; However, it is the custom at this unit that such policies and Rules are not enforced or followed. Plaintiff possesses affidavits to support these allegations.

### Third Cause Of Action
Against All Defendants for Obstruction of Access To Courts, Mental Anguish, Intentional Infliction Of Emotional Distress, Actual Damages, and For Punitive Damages.

48.   Plaintiff states that he is a TDCJ-ID inmate who is forced assignment to a State Jail Offender Facility instead of an ID Offender unit, Obstructing his Access to courts.

as a result of his forced assignment to State Jail Facility and to the fact that Plaintiff is unable to obtain the research materials he must have to effectively challenge his criminal conviction and other Legal matters. No Relief has been forth coming.

52    Plaintiff states that since October, 1999 he has been requesting that needed research materials be provided to him at the Willacy unit or that he be transferred to an ID unit with a Full Law Library. No request made has been approved, No research materials has been provided.

53    TDCJ-ID Access To Courts Program has a unit Transfer Policy available to prisoners who has special needs of legal materials, not readily available to them through unit Law Library holdings or the Loan Program. To initiate a unit transfer to a unit with a Full Law Library "Holdings", a prisoner must provide an active cause number and request verification of that cause number to the TDCJ-ID Access To Courts Office. upon verification of the active cause number, the Access To Courts Office will Notify the Bureau of Classifications and Records to initiate action to activate a unit transfer.

54. On or about 8, April, 2000 plaintiff filed the Verification Request Form with the Access To Courts Office. No transfer was initiated, through his cause Number was Verified by the Access To Courts Office and he had met the pre requisites for unit transfer to a unit possessing a full Law Library.

55. On 20, January, 2001 Plaintiff filed another repetative grievance regarding his need of Legal research materials being denied him at this location and malicious denial of a unit transfer by TDCJ-ID Access To Courts Office.

56. Plaintiff asserts that some of his needed research materials were available at this unit (Willacy) prior to 22, July, 1999, but such research materials was removed from the Law Library Shelves and stored until early 2001, where they were then removed from the premises of this unit (Willacy). These Legal Materials were denied to all prisoner here.

57. Plaintiff states that unit transfer request for Legal Needs under the TDCJ-ID Access To Courts Program was arbitrarily denied. The TDCJ-ID agency placed its Interest above plaintiff's Constitutional Right to Access to a Law Library that is both "Reasonable" and Effective".

Page 32

Plaintiff states that the Denial of a unit transfer to meet his immediate Legal Needs by the TDCJ-ID Access To Courts Office was Malicious and served the furtherance of No "Penalogical Purpose".

58. Plaintiff states that the Sum Total of these Obstructions and Deprivations constitute a Reckless Disregard for his Fifth, Sixth and Fourteeth Amendment Rights.

59. Plaintiff has Suffered Actual Injury as a direct result of Defendants Denial of reasonable and effective research materials to him. As a direct result of research material Deprivations, Plaintiff has obtained an adverse ruling on his challenge to his conviction by the (Fourteeth) 14th Court of Appeals. Plaintiff has Not be able to litigate other Legal matters because of material Deprivations.

### Relief Requested

Wherefore, Plaintiff requests that the Court grant the following Relief:

A. Issue a Declaratory Judgment stating that:
   1. Defendant Forrest's, Derther's, Holloman's, and Wackenhut Corrections Corporation's actions in denying and failing to provide prescribed Medical Treatment for Non-Medical Factors

violated and continues to violate Plaintiff's
Rights under the Eighth Amendment to the
United States Constitution and constitute Negligence
under State Law.

2. Defendant Wackenhut Corrections Corporation's,
Forrest's, Bravo's, Orozco's and DeLeon's failure
to properly classify and segregate, confirmed
and suspected members of disruptive groups
from the general population, Constitutes Deliberate
Indifference to the Safety of Prisoners generally
in Violation of the Eighth Amendment to the
United States Constitution.

3. Defendant Forrest's, Bravo's and Wackenhut
Corrections Corporation's permitting a class
of Prisoners to Inflict Physical Injury upon
other inmates as discipline and permitting a
class of Prisoners to Control all aspects of prison
life of general population prisoners within
housing dorms violated and continues to
violate "Ruiz" Mandated Stipulations, and is
in Violation of Prisoners rights under the
Eighth and Fourteeth Amendments to the
United States Constitution.

4. Defendants Wackenhut Corrections Corporation's
Forrest's, Bravo's, Orozco's and DeLeon's actions
in their failure to properly segregate State

Page 34

Jail Confinees from Contact with TDCJ-ID Offenders Constitutes Deliberate Indifference to the Safety of the general (TDCJ-ID) Prisoner Population and their "Liberty" Interest in Violation of the Eighth and Fourteenth Amendments to the United States Constitution.

5. Defendant Scott's, Johnson's, Pool's, Hoke's, Barrow's, Forrest's, Rodriguez's, Bravo's, Orozco's and DeLeon's, actions denying Plaintiff and Obstruction Access to Reasonable and Effective Law Library Facilities and research materials Violated and continue to Violate Plaintiff's Rights under the Sixth Amendment and the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

B Issue an Injunction Ordering Defendants Scott, Johnson, Wackenhut Corrections Corporation or their agents to:

1. Immediately Segregate all suspected members of any disruptive Groups/Gangs from general Population.

2. Immediately Segregate all suspected members of any disruptive Groups/Gangs from general Population and Conduct Investigation for Confirmation of membership.

Page 35

CMPDF – www.texis.com

3 Immediately Arrange For the absolute Separation of State Jail Confinees and State Prison Offenders in every aspect of daily Prison life and all unit programs.

C Issue an **Injunction** Ordering Defendants Scott, Johnson, Wackenhut Corrections Corporation or their agents to:

1. Immediately arrange for plaintiff to recieve the Oral Surgery Necessary to correct his T.M.J. Dysfunction Syndrome.

2. Immediately arrange for Plaintiff's Need for any follow up medical treatment to be evaluated by a medical Practitioner with expertise in the treatment and restoration of Jaw functions.

3. Carry out without delay the treatment directed by such Medical Practitioner.

D. Issue an Injunction Ordering Defendants Scott, Johnson or their agents to:

1. Immediately arrange for the unit transfer of Plaintiff to a unit containing a full Law Library, to meet Plaintiff immediate Needs

E   Award compensatory damages Jointly and Severally in the amount of $ 2,500,000 .

**F.** Award Punitive damages Jointly and Severally, Officially and Individually in the amount of $ 2,500,000 .

**G.** All Costs of this suit

H.   Grant all such other relief as it may appear this Plaintiff is entitled to:

Date: 6/29/01

Respectfully Submitted,

Anthony Dixon

Anthony Dixon #849656
Plaintiff Pro Se
1675 South Buffalo Dr
Raymondville, Texas 78580

Page 37.

# Verification

I, Anthony Dixon, TDCJ-ID# 849656, the undersigned do hereby certify under the penalty of perjury that the statements and facts contained in the foregoing Plaintiff's First Amended complaint are true and correct to my immediate Knowledge.

Executed this __29th__ day of __June__, 2001.

_Anthony Dixon_
Anthony Dixon #849656
Plaintiff Pro Se

# Certificate

I __Anthony Dixon__ , do hereby certify that a
true and correct copy of the foregoing __42 USC § 1983__
__Amended complaint__ has been served upon the
defendant(s) by placing same in the U.S. mail,
addressed to __United States District Court, P.O. Box 61010 Houston__
__Texas, 77208__
ON _____ (date) __29th__ day of __June__ (month)
_____ , (year __2001__ .

(signature) __Anthony Dixon__ .

## DECLARATION

I **Anthony Dixon**, TDCJ # **849656**, being presently incarcerated in

**Jordan** unit, in **Gray** County, Texas declare under penalty

of perjury that the foregoing is true and correct.

Executed on **6**/**24**/2000   Civil Practice & Remedies 132.001

Anthony Dixon

(signature)