IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
-BROWNSVILLE DIVISION-

| | | |
|---|---|---|
| ANTHONY DIXON<br>TDCJ #849656,<br>　　Plaintiff-Petitioner, | § § § § | |
| VS. | § § | MISCELLANEOUS NO. B-00-028 |
| WAYNE SCOTT, DAVID<br>FORREST, FRANSIC OERTHER,<br>JOSEPH HOLLOMAN,<br>　　Defendants-Respondents. | § § § § § § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Anthony Dixon ("Dixon"), a prisoner proceeding *pro se* and *in forma pauperis* filed this civil rights complaint (Docket No. 1) under 42 U.S.C. § 1983. For the reasons explained below, Dixon's complaint should be dismissed.

### DISCUSSION

Because Dixon is proceeding *in forma pauperis*, his complaint is subject to *sua sponte* dismissal. Under 28 U.S.C.A. § 1915(e)(2)(B) (2001), a court may dismiss a prisoner's civil action at any time if the court finds that the action "(i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The term "frivolous" embraces not only inarguable legal conclusions, but also fanciful factual allegations. *Id.* A complaint fails to state a claim upon which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Smith v. Winter*, 782 F.2d 508, 511-12 (5th

Cir. 1986).

### A. *Dixon failed to exhaust the available administrative remedies.*

Under the Prison Litigation Reform Act (PLRA), a prisoner is required to invoke "such administrative remedies as are available" in the prison, without regard to whether the grievance procedure affords money damage relief, before he may file suit contesting prison conditions in federal court. 42 U.S.C.A. § 1997e(a) (2001); *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001) (quoting *Booth v. Churner*, 531 U.S. 956, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001)). It is apparent from Dixon's complaint form that he did not exhaust all the available administrative remedies. The form inquired whether he presented his claims in the grievance procedure instituted by the prison. Dixon included an attachment that showed the steps he took in the state prisoner grievance procedure and the outcome as a result of the administrative review of his claims. Dixon stated in the attachment, "I appealed all 3 grievance (sic) with a step II grievance form . . . . Willacy County State Jail is processing my grievances." Dixon's statement indicates that he has failed to pursue the state prisoner grievance procedure to its conclusion. The PLRA requires Dixon to exhaust his available remedies. His failure to pursue the exhaust the state prisoner grievance procedure prevents him from pursuing his federal lawsuit at this time. Consequently, Dixon's complaint should be summarily dismissed.

IT IS therefore **RECOMMENDED** that Anthony Dixon's 42 U.S.C. § 1983 complaint be **DISMISSED** for failure to exhaust administrative remedies.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court,

provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas, this 1st day of October, 2001.

John Wm. Black<br>
United States Magistrate Judge