IN The United State District Court
for The Southern District of Texas
Brownsville Division

14

Anthony Dixon
    Plaintiff

Vs

Wayne Scott, David Forrest
Francis Oerther, and Joseph
Holloman, ET AL. Defendants

§ Civil Action
§ NO: B-00-028
§
§

United States District Court
Southern District of Texas
FILED

NOV 16 2001

Michael N. Milby
Clerk of Court

## Motion To Show Cause Why Civil Action NO: B-00-028 Should Not Have Been Dismissed by District Judge.

To the Honorable Judge of said court:

   Comes Now Anthony Dixon, plaintiff/pro-se in the above styled entitled and Numbered cause, and file this his motion to Show cause why his Civil Action NO: B-00-028 Should Not have been Dismisse. by District Judge.

### I

United State District court Judge, Filemon B. Vela Adopted the Magistrate Judge's Report and Recommendation to dismiss the above-referenced cause of Action for failure to pursue the state grievance procedure to its conclusion.

District Judge has Ordered that after a de Novo review of the entire file, to dismiss, Anthony Dixon's 42 U.S.C. § 1983.

## II

Plaintiff Avers that he had made a diligent effor to exhaust his state prisoner grievances. Plaintiff is not an Attorney, paralegal or legal advisor. He is a layman with no legal training whic would enable him to know the proper way of filing a 42 USC § 1983 and draft the complaint properly on the application. Plaintiff stated on he application that his step two's grievances was being processed, which got his case dismissed for failure to exhaust available administrative Remedies. Plaintiff avers also that he must not be held to the more stringent standards that are required of lawyers, (Haines V Kerner, 404 U. 519, 92 S.Ct 594 (1972) as cited in Hughes V Rowe, 449 U.S. 5, 101 S.Ct 173 (1980).

## III

Plaintiff will Aver that he had exhaust his administrative Remedies at time of filing. Afer receiving the magistrate Report and Recommendation, Plaintiff filed an Objection to the magistrate Report and Recommendation. Plaintiff aske for an extension of time, that he may be able to file Brief and show proof of his exhaustion.

The District Judge however Adopted the magistrate Judge's Report and Recommendation over Plaintiff Objection and dismissed his 42 U.S.C § 1983 complain (Rourke V Thompson 11 3d 47). Plaintiff has not be allowed to show any documents of proof that he has exhaust his state grievances administrative Remedies.

## IV

Plaintiff Avers that the District Judge dismissed his 42 U.S.C. § 1983 "prematurely" because plaintiff had made a substantial effort to obtain complete administrative Remedies, but was not allowed because prison officials "Ignored, Interfer and there were Irregularities in the administrati process itself prohibited him from exhausting his administrative Remedies. (Holloway v Gunnell, 685 F.2d 150, Rourke v Thompson 11.F.3d 47, 51 B).

Plaintiff Avers that when prison officials fail to respond within the time period allowed by regula tions in administrative Remedy procedures to response, than administrative Remedies are said to be exhausted. (Underwood v Wilson 151 F.3d 292) All of Plaintiff Step two grievances had passed the time allowed for Official response "before" h filed his 42 U.S.C. § 1983. The officials Never retur any of plaintiff step two's at that time.

## V

Plaintiff Avers that he continued even after he filed his 42 U.S.C. § 1983 to try to exhaust he administrative Remedies. Plaintiff has gotten some exhaustion on his Step two's grievances since he filed he 42 U.S.C. § 1983.

## VI

Plaintiff Avers that once he place his grievanes in the designated "grievance Box" he has No con trol over who, when or How the grievances will be picked up, and if they will be respond too.

Plaintiff Avers that he has made his complaints aware to the unit warden and central grievance administrators, by placing I-60's, letters and a copy of the grievances that he filed and never got ten a response nor received any of them back.

## VII

Plaintiff avers that he has copies of all the step one's and step two's that he filed, one's that was respond to and returned and those that were never returned. There was a problem with receiving response to grievances filed at The Willacy County State Jail. There were three different grievance officer assigned during the times when my grievance were filed. There we officer mrs Tourres, mrs Cumpian and mr. Johnso. My problem of not receiving response to my griev ance was during to the time officer mrs. Tourrez assignment.

## VIII

Plaintiff avers that he must be allowed to show the court proof of his exhaustion of adminis trative Remedies through documents in his pos session (I-60's, letters and grievances).

## IX

### Request

Plaintiff Avers that the court has jurisdiction of the parties and subject matter pursuant Title 42 U.S.C. § 1983. Plaintiff request a rehearing on his complaint. Plaintiff request to be allowed

to send to the court documents of proof that's in his possession to show that he had exhaust his administrative Remedies before filing his 42 U.S. § 1983 claim

## X

Plaintiff avers that even if the District Judge does not allow Plaintiff to send proof of exhaustion to the court after dismissal, that Plaintiff be allowed to refile his complaint (claim) because dismissal is without prejudice.

Plaintiff avers that when all else fails, dismiss. "without prejudice" and equitable "Tolling of the Texas statute of Limitation during the pendency of this action and additional state administrative proceedings. (Wendell V Asher 162 F.3d 887, 892)

## Prayer

Wherefore premises considered plaintiff move this court to grant this motion, premitting Plaintiff to send proof of exhaustion prior to filing of Plaintiff's 42 U.S.C. § 1983. (Proof- grievances, Letters and I-60's). Plaintiff move this court that upon proof of exhaustion of his state prison administrative Remedies Plaintiff 42 U.S.C § 1983 claim be reopen.

Respectfully Submitted
Anthony Dixon
Anthony Dixon, Plaintiff
Pro-se -#849656
Rufe Jordan unit (E-201)
1992 Hilton Road
Pampa, Texas 79065.

## Unsworn Declaration

I Anthony Dixon, ID # 849656, being presently incarcerated in Texas Department of Criminal Justice - Institutional Division (Rufe Jordan unit) Pampa, Texas, declare under penalty of perjury that the foregoing "motion" is true and correct to the best of my imediate knowledge. Executed on this __8th__ day of __November__, 2001

_Anthony Dixon_
Anthony Dixon, Plaintif.
Pro-se ID# 849656
P

## Certificate of Service

I Anthony Dixon, plaintiff/Pro se in the entitled styled, and numbered cause do here by certify that a true and correct copy of this motion to show cause why Civil Action No: B-00-028 should not have been Dismissed by District Judge, has been mailed United State Postage by placing it in the mail box at the Rufe Jordan unit in Pampa, Texas on the 10th day of November, 2001, Addressed to

Honorable, Filemon B Vela
United States District Court Judge
Office of Clerk
United States District Court
P.O. Box 61010
Houston, Texas 77208

Respectfully Submitted
_Anthony Dixon_
Anthony Dixon
Pro-se #849656
Rufe Jordan unit
1992 Hilton Road
Pampa, Texas 79065