IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
-BROWNSVILLE DIVISION-

United States District Court
Southern District of Texas
ENTERED

APR 0 3 2002

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| ANTHONY DIXON,<br>     Plaintiff-Petitioner, | § § § | |
| VS. | § § | |
| WAYNE SCOTT, DAVID FORREST,<br>FRANSIC OERTHER, JOSEPH<br>HOLLOMAN,<br>     Defendants-Respondents. | § § § § § § § § | MISCELLANEOUS NO. B-00-028 |

**ORDER**

Anthony Dixon ("Dixon") has filed a Motion for Extension of Time to File Written Objections to the Magistrate Judge's Report and Recommendation (Docket No. 10) and a motion titled "Motion to Show Cause Why Civil Action No. B-00-028 Should Not Have Been Dismissed by District Judge" (Docket No. 14). The Court will consider these motions separately.

I. DIXON'S MOTION FOR EXTENSION OF TIME TO FILE WRITTEN OBJECTIONS

The Magistrate Judge's Report and Recommendation (Docket No. 9), recommending that Dixon's action be dismissed for failure to exhaust administrative remedies, was filed on October 1, 2001. The recommendation duly stated that written objections must be filed within 10 days in order to permit a party to appeal the proposed factual findings and legal conclusions accepted by the district court. In his motion for an extension of time, Dixon contends that he received the magistrate judge's Report and Recommendation on October 11, 2001. Accordingly, Dixon had until October 21, 2001, to file his written objections. On October 18, 2001, Dixon filed with the district clerk a letter dated

1

October 15, 2001 (Docket No. 11), stating that he objected to the magistrate judge's Report and Recommendation, claiming that he had exhausted all of his administrative remedies. Dixon's allegations were not substantiated, other than with the conclusory statement that he did "have proof in [the] form of letters and grievances Step I and Step II filed[.] My state administrative remedies [have] been exhausted." (Docket No. 11). After a de novo review of the file, the district court adopted the magistrate judge's Report and Recommendation on October 29, 2001. (Docket No. 12). The judgment was entered on October 30, 2001. This Court considers Dixon's letter dated October 15, 2001, (Docket No. 11) as a timely objection to the magistrate judge's Report and Recommendation. Nonetheless, the objection is overruled because it is apparent from Dixon's complaint form that he has not pursued the state prisoner grievance procedures to their conclusion. (See Docket No. 1). Dixon's Motion for Extension of Time to File Written Objections is **DENIED**.

## II. DIXON'S MOTION TO SHOW CAUSE WHY HIS ACTION SHOULD NOT HAVE BEEN DISMISSED

The judgment in this case became final on October 30, 2001, after the district court adopted the magistrate judge's Report and Recommendation and it was filed with the district clerk's office. Dixon filed his motion to show cause why his action should not have been dismissed on November 16, 2001. Under the circumstances, it is appropriate for the Court to consider this motion (Docket No. 14) as a Notice of Appeal under FED. R. APP. P. Rule 3. Accordingly, the district clerk is hereby ordered to comply with FED. R. APP. P. Rule 3(d) and to "promptly send a copy of the notice of appeal and of the docket entries—and any later docket entries—to the clerk" of the Fifth Circuit Court of Appeals. FED. R. APP. P. RULE 3(d).

IT IS **ORDERED** that Dixon's Motion for Extension of Time File Written Objections (Docket No. 10) is **DENIED**.

2

IT IS FURTHER **ORDERED** that the clerk's office send Dixon's Notice of Appeal (Docket No. 14) to the clerk of the Fifth Circuit Court of Appeals so that Dixon may pursue his appeal.

DONE at Brownsville, Texas, this 3rd day of April, 2002.

_____
Filemon B. Vela
United States District Judge