IN The United State District Court
For The southern District of Texas
Houston Division

/6

United States District Court
Southern District of Texas
FILED

JUN 2 4 2002

Michael N. Milby
Clerk of Court

Anthony Dixon
    Plaintiff

Vs

Gary Johnson, David Forrest,
Francis Oerther, and Joseph
Holloman,  ET AL.
          Defendant's

§
§
§
§
§

MISC
~~Civil~~ Action
NO: 00-28

## Motion For Leave OF Court To Refile Civil Action NO: B-00-028, with Additional Claims.

To the Honorable Judge of said court:

  Comes Now Anthony Dixon, Plaintiff/Pro se in the above styled and Numbered cause, and file this his motion For Leave OF Court To Refile Civil Action NO: B-00-028, with Additional Claims, For the following reasons.

I

United State District Court-Judge, Filemon B. Vela adopted the magistrate Judge's Report and Recommendation to dismiss the above-referenced cause

of Action for failure to pursue the state prison administrative Grievances procedure to its conclusion.

District Judge had Ordered that after a de novo review of the entire file, to Dismiss, Anthony Dixon's Civil Action # B-00-028, 42 U.S.C.A § 1983.

## II

Plaintiff Avers that he had made a diligent effort to exhaust his state prisoner grievances. Plaintiff is not an Attorney, Paralegal or Legal Advisor. He is a Lay-man with no legal training, which would enable him to know the proper way of filing a 42 U.S.C.A. § 1983 and draft the complaint properly on the application. Plaintiff stated on his application that his step two's grievances was being processed, which gotten his claim dismissed for failure to exhaust available administrative Remedies.

Plaintiff avers also that he must not be held to the more stringent standards that are required of Lawyers. (Haines V Kerner, 404 U.S. 519; 92 S. Ct. 594 (1972) as cited in Hughes V Rowe, 449 U.S. 5; 101 S. Ct. 173 (1980).

## III

Plaintiff will aver that he had exhaust his administrative Remedies at the time of filing. After receiving the magistrate's Report and Recommendation, Plaintiff filed an objection to the magistrate Report and Recommendation. Plaintiff requested an extension of time, that he may be able to file a Brief and show proof of his exhaustion.

The District Judge however adopted the magistrate Judge's Report and Recommendation over plaintiff's objection and dismissed his 42 U.S.C.A § 1983 complaint. (Rourke v Thompson, 11 3d. 47). Plaintiff was not given the opportunity to show any documents of proof that he had exhaust his state prison grievances administrative Remedies.

## IV

Plaintiff avers that the District Judge dismissed his 42 U.S.C.A § 1983 claim "prematurely" because plaintiff had made a substantial effort to obtain complete administrative Remedies, but was not allowed, because prison officials "Ignored, Interferred and there were Irregularities in the administrative process itself prohibited him from exhausting his administrative Remedies. (Holloway v Gunnell, 685 F. 2d 150, Rourke v Thompson 11 F. 3d 47, 51 8).

Plaintiff avers that when prison officials fail to respond within the time period allowed by regulations in administrative remedies procedure to respond, than administrative remedies are said to be exhausted. (Underwood v Wilson 151 F.3d 292). All of plaintiff's step two's grievances had passed the time allowed for officials response "before" he filed his 42 U.S.C.A § 1983. The officials never return any of the plaintiff step two's at that time.

## V

Plaintiff avers that he continued even after he filed his 42 U.S.C.A § 1983, to try to exhaust his administra-

Plaintiff has now gotten exhaustion on his step two's grievances since he filed his 42 U.S.CA. § 1983. The state prison grievances answered the most of the step two's as time barred. The step one's where all filed timely though. The state prison grievance procedure administrators only wants to get around answering my step two's. The court must not allow this.

## VI

Plaintiff avers that once he place his grievances in the designated "grievance box" he has no control over who, when or how the grievance will be picked up, and if they will be respond too.

## VII

Plaintiff avers that he has copies of all the step one's and step two's that he filed. The one's that were respond to and returned and those that were never returned.

There was a problem with receiving responses to the grievances filed at the Willacy County State Jail. There were three different grievance officers assigned during the times when my grievances were filed. They were officer mr. Tourrez, mrs Cumpian and mr. Johnson. My problem of not receiving response to my grievances was during the time officer mrs. Tourrez assignment.

## VIII

Plaintiff avers that District Judge, Filemon B Vela dismissed Plaintiff 42 U.S.CA § 1983, civil action

#B-00-028 without prejudice. Plaintiff request to be allowed to refile Civil Action # B-00-028 with additional claims, because dismissal is without prejudice.

Plaintiff claim was dismissed because he failed to exhaust his state prison grievances through completion of Step Two. Under the Prison Litigation Reform Act (PLRA), a prisoner is required to invoke "such administrative remedies as are available" in the prison, without regard to whether the grievance procedure affords money damage relief, before he may file suit contesting prison conditions/violations in federal court. (42 U.S.C.A §1997e(A)(2001); Wright v Hollingsworth, 260 F.3d. 357, 358 (5th Cir. 2001)(quoting Booth v Churner, 531 U.S. 956; 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001)).

In Wright the final points request, if all else fails, <u>dismissal without "prejudice" and equitable Tolling</u>' of the Texas Statute of limitations during the pendency of the action and any additional state administrative proceedings. These modification of the judgement are appropriate; See: (Wendell v Asher 162 F.3d 887, 892 (5th Cir. 1998)(Dismissed without prejudice)(Harris v Hagmann, 198 F.3d. 153, 157-159 (5th Cir 1999). Under PLRA exhaustion requirement, limitations on a prisoner's 42 U.S.C.A. §1983 claim is <u>tolled during administrative proceedings</u>. Wright's case was dismissed without prejudice pending exhaustion of TDCJ grievances and limitations was tolled pending exhaustion.

## IX

Plaintiff appealed the decision to dismiss his 42 U.S.C.A § 1983 claim # B-00-028 by District Judge Filemon B Vela. Judge Filemon B Vela granted plaintiff his appeal on April 3, 2002. Judge Filemon B. Vela has <u>ordered</u> that the Clerk's office send Plaintiff/Dixon's Notice of Appeal (Docket No. 14) to the Clerk of the <u>Fifth Circuit of Appeals</u> so that plaintiff/Dixon may pursue his appeal.

## X  (4/20/02)

Plaintiff aver that on 6/13/02 he filed a <u>motion to withdraw his appeal</u> to the fifth Circuit Court of Appeals. Plaintiff has requested that fifth Circuit allow him to <u>withdraw his appeal or to dismiss</u> his 42 U.S.C.A. § 1983 Civil Action No. 02-40800/B-00-028 without prejudice pending exhaustion of his State prison Grievances administrative Remedies.

## XI

### Request

Plaintiff, Now request that this court will allow him to refile his 42 U.S.C.A. § 1983 with additional claims, because he has exhausted his state prison grievances to completion. Plaintiff request that "<u>Equitable Tolling</u>" of the Texas statute of limitation during the pendency of the action and any additional state administrative proceedings be allowed.

6

## Prayer

Wherefore plaintiff pray this court will grant him the motion for Leave of court to Refile civil's action No: B-00-028, with additional claims, and that Equitable Tolling of the Texas statute of limitation during the pendency of the action and any additional state (claim) administrative proceedings be allowed.

                                              _Anthony Dixon_
                                              Anthony Dixon 849656
                                              plaintiff - pro se
                                              1992 Hilton Rd.
                                              Pampa, TX. 79065

## Verification

I Anthony Dixon # 849656, being presently incarcerated in the Rufe Jordan unit, Pampa, TX. I am an inmate of the Texas Department of Criminal Justice - Institutional Division, declare under the penalty of perjury that according to my belief and knowledge the foregoing information and allegations of this motion are true and correct.

Signed on June _____, 17th _____ 2002.

                                              _Anthony Dixon_
                                              Anthony Dixon 849656
                                              1992 Hilton Rd
                                              Pampa, TX. 79065

## Certificate of Service

I Anthony Dixon, Plaintiff/pro se # 849654 do hereby certify that a true and correct copy of this motion for leave of court to refile civil action B-00-028 with additional claims has been forwarded by United States mail postage prepaid, from the Jordan unit in Pampa, Texas- on this 17th day of June 2002.

Mailed To:
Attorney Admissions
United States District Clerk
P.O. Box 61010
Houston, Texas 77208

_Anthony Dixon_
Anthony Dixon 849654
Plaintiff Pro-se
Rufe Jordan Unit
1992 Hilton Rd
Pampa, Texas 79065

8.