IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
-BROWNSVILLE DIVISION-

| | | |
|---|---|---|
| ANTHONY DIXON,<br>    Plaintiff-Petitioner, | § § § | |
| VS. | § § | |
| WAYNE SCOTT, DAVID FORREST,<br>FRANCIS OERTHER, JOSEPH<br>HOLLOMAN,<br>    Defendants-Respondents. | § § § § § § § § | MISCELLANEOUS NO. B-00-028 |

## ORDER

Pending before the Court is Petitioner's Motion for Leave of Court to Refile Civil Action No. B-00-028 With Additional Claims (Docket No. 16).

### DISCUSSION

Petitioner Anthony Dixon ("Dixon") filed a civil rights complaint under 42 U.S.C. § 1983. (Docket No. 1). The matter was referred to the magistrate judge who recommended that Dixon's lawsuit be dismissed because Dixon failed to pursue his administrative remedies to their conclusion. (Docket No. 9). The district judge adopted the magistrate judge's report and recommendation and overruled the objections that Dixon filed. (Docket No. 12). After withdrawing his appeal to the Fifth Circuit, Dixon has now filed this motion in which he makes several inconsistent statements with regards to whether he has indeed exhausted his administrative remedies at this point. Dixon alleges that he was not allowed to pursue his administrative remedies to completion "because prison officials 'ignored, [interfered] and there were irregularities in the administrative process itself." While

claiming that his administrative remedies are now exhausted, Dixon further avers that "[t]he state prison grievance procedure administrators only [want] to get around answering" the claims asserted on his Step II grievance form, suggesting that his administrative remedies are not exhausted.

The facts of this case have not been sufficiently developed to enable the Court to determine whether the action should proceed and service of process should be ordered, or whether the action is dismissible because Dixon has failed to exhaust his administrative remedies. The plaintiff is therefore requested to furnish a more definite statement of facts, *see, e.g.*, *Watson v. Ault*, 525 F.2d 886, 893 (5th Cir. 1976). In particular, Dixon is ordered to recite with specificity the factual allegations showing that he has exhausted his administrative remedies. In doing so, Dixon should explain in detail the steps he took in the state grievance procedure and the results therefrom. Dixon should also furnish the Court with any and all copies of the grievances he filed as well as any and all copies of the responses he received to those grievances. Dixon has 30 days from the date of this order to comply with the order.

Parties are reminded of the requirements of FED. R. CIV. P. 11; plaintiff in particular is advised that, though he proceeds *pro se*, this is a civil action in which a signature on pleadings is a declaration that the allegations in the pleadings are true, to the best of plaintiff's knowledge. If the allegations are not true, plaintiff may be subject to sanctions including, but not limited to:

(1) automatic striking of the pleading or other document;

(2) dismissal of the action;

(3) an order to pay to the other party the reasonable expenses incurred because of the pleading or other document, including attorney's fees; and

(4) monetary fines.

The Clerk will provide copies of this order to the parties.

DONE at Brownsville, Texas, on this the 2nd day of July, 2002.

John Wm. Black  
United States Magistrate Judge