In The United State District Court
For The Southern District of Texas
Brownsville Division

Anthony Dixon §
    Plaintiff-Petitioner, §
Vs §
 §
Wayne Scott, David Forrest, §
Francis Oerther, Joseph §
Holloman, ET AL §
    Defendants-Respondents §

United States District Court
Southern District of Texas
FILED
AUG 1 2 2002
Michael N. Milby
Clerk of Court

MISC
~~Civil~~ Action
NO: B-00-028

Motion For Extension Of Time To Allow Plaintiff To Respond to a Court Order With Brief In Support

To The Honorable Judge Of said Court:
    Now comes Anthony Dixon (849656), plaintiff in the above styled and numbered cause and file this motion for extension of time to allow plaintiff to respond to a court order with Brief in support. In support thereof, the plaintiff would respectfully show the court the following:

I.
Jurisdiction

The Court has Jurisdiction of the parties and Subject matter matter pursuant to title 42 U.S.C.A. § 1983. Plaintiff received an order from the United States District Court Magistrate Judge, John Wm. Black at his unit of location on 7/12/02. Judge Black as given plaintiff 30 days to respond to the court order. Plaintiff has until 8/12/02 to respond. Therefore, this motion is timely filed.

## II

### Court order

The Judge states that the facts of this case have not been sufficiently developed to enable the Court to determine whether the action should proceed and service of process should be ordered, or whether the action is dismissible because Plaintiff has failed to exhaust his administrative remedies. The Plaintiff is therefore requested to furnish a more definite statement of facts, see, e.g., Watson v Ault, 525 F.2d 886, 893 (5th Cir. 1976). In particular, Plaintiff is ordered to recite with specificity the factual allegations showing that he has exhausted his administrative remedies. In doing so, Plaintiff should explain in detail the steps he took in the state grievance and the results therefrom. Plaintiff should also furnish the court with any and all copies of the grievances he filed as well as any and all copies of

the responses he received to those grievances. The Judge given plaintiff 30 days from the date of the order to comply with the order. The Judge (mag.) John Wm Black sign the order 7/2/02. The order was stamped dated filed by the clerk Michael N. Milby 7/8/02. Plaintiff received the order on 7/12/02.

### III
### Request

Plaintiff request for an extension is based upon the following facts: Plaintiff can not get copies of his original Step I's and Step II's and letters in support of exhaustion of state remedies made at his unit of location, whereas plaintiff wants to keep his original copies and send the court copies of them.

Plaintiff sent all his original grievances and letters to a family member in Houston, Texas. The family member would have copies made and return them to Plaintiff at his unit of location. Plaintiff family member Edna Kline, did forward Plaintiff Orginal grievances and letters plus two copies of each to Plaintiff at his unit of location on 8/2/02.

On the same date (8/2/02) the unit mail room returned all the original grievances and letters back to the sender Edna Kline, under the unit mail room rule, 3.9.6.1. Under this rule inmates

can not receive packages from indivisual. Plaintiff will now have to seek legal assistance in order to receive his grievances and letter at his unit of location.

Plaintiff will not be able now to receive his letter and grievances at his unit of location and have them mailed to the United States District Court in time to meet the court order deadline which would be 8/12/02. Plaintiff will need additional time in order to meet the court's deadline.

Plaintiff now request a 30 days extension until September 12, 2002 to respond to the court's order of Magistrate Judge, John W.M. Black.

## IV

Plaintiff is a pro se petitioner and asserts that he is neither a legal advisor nor qualified paralegal. He is a layman with no legal training which would enable him to know the proper way to draft his 42 U.S.C.A § 1983 complaint after it has been dismissed without prejudice, to refiling after he has exhausted his administrative remedies.

On 6/17/02 plaintiff mailed a motion for leave of court to refile Civil Action No. B-00-028 with additional claims, a new 42 U.S.C.A. § 1983 application with memorandum and all his step one's and step two's grievances and in forma pauperis, to the United States District Court, Houston Division,

The clerk of the Houston division only forward Plaintiff motion for leave of court to refile Civil Action No: B-00-028 42 U.S.C.S. § 1983 with additional claims to the Brownsville Division. Plaintiffs new 42 U.S.C.S. § 1983 (Claim) application with memorandum and step one's and step two's grievances and in forma pauperis is still at the Houston Division.

Plaintiff do not understand the proper way of filing or refiling his 42 U.S.C.A § 1983 complaint with additional claims. Plaintiff must relay upon the mandate set forth in Haines V Kerner, 404 U.S. 519, 92 S. Ct 594 (1972) as cited in Hughes V Rowe 449 U.S. 5, 101 S Ct. 173 (1980) which holds that Pro se litigants must not be held to the more stringent standards that are required of Lawyers. Plaintiff asserts that this motion for an extension of time to respond to the courts order is not made in bad faith, for dilatory motive or to cause undue delay in the progress of the case. This motion causes no undue prejudice to any of the opposing parties, therefore this motion should be granted

## V

Plaintiff aver that the court's deadline to file his response to the magistrate Judge's order was 8/12/02. Plaintiff seeks a <u>30</u> days extension to 9/12/02 to file his response to the magistrate's judges order of proof that he has exhausted his TDCJ-ID administrative grievances to a conclusion.

## VI

Wherefore, premises considered, the plaintiff moves respectfully that this court extend the deadline for plaintiffs response to the magistrate's order from 8/12/02 up to and including 9/12/02. Plaintiff pray this court will grant him 30 days extension.

*Anthony Dixon*
Anthony Dixon 849656
1992 Hilton Rd
Pampa, Texas 79065

## Verification

I Anthony Dixon #849656, being presently incarcerated in the Rufe Jordan unit of the Texas department of Criminal Justice - Institutional Division declare under penalty of perjury that according to my belief and knowledge the foregoing information and allegations of this motion for an extension of time, are true and correct.
Signed on August 5, 2002

*Anthony Dixon*
Anthony Dixon 849656

## Certificate of Service

I, Anthony Dixon, plaintiff/pro se in the above entitled, styled and numbered cause do here by certify that a true and correct copy of this motion for extension of time to file a response to the magistrate Judge John Black order, has been mailed united states postage prepaid, on this the 5th day of August, 2002 addressed to: The United States District Court, 600 E. Harrison Street #101, Brownsville, Texas 78520

*Anthony Dixon*
Anthony Dixon 849656
1992 Hilton Rd
Pampa, Texas 79065

D/D  C2-08

**RETURNED PACKAGE**

UNIT _JN_   DATE _8/2/02_
NAME _Dixon, Anthony_   TDCJ # _849656_

A package received for you with the return address of
_Edna Kline_
_6310 Dumfries #206 Houston TX 77096_
has been returned to sender for the reason(s):

☒ Package from indivisual. Rule 3.9.6.1
☐ Package not mailed by party named in return address.
☐ Package not from vendor of stationary supplies or publication supplier. Rule 3.9.6.1
☐ C.O.D. Package. Rule 3.9.8
☐ Package contains publication(s) received with money due or on a trial basis. Rule 3.9.10.2
☐ Incomplete return address. Unable to verify legitimacy of package.

_____
Officer/Employee Signature

Original - Unit File
Copy    - Give completed copy to inmate

I-194 (5/90)                    J0537