23

Anthony Dixon
849654 - L - 103T
1992 Hilton Rd
Pampa, TX. 79065
8/23/02

United States District Court
Southern District of Texas
FILED

AUG 2 9 2002

Michael N. Milby
Clerk of Court

The United State District Court, Clerk
Southern District of Texas
Brownsville Division
600 East Harrison Room 101
Brownsville, Texas 78520

Re: ~~Civil~~ MISC- Action # B-00-028

Dear sir,

I am writing you to request the status on the above styled and numbered cause. Cause # B-00-028 had previous been dismissed for failure to exhaust administrative prison grievances to a conclusion.

This cause was dismissed (Doc. # 12) without prejudice. Wherefore plaintiff is allowed to refile this cause when he has exhausted his administrative prison grievances to a conclusion. Plaintiff has exhausted his administrative prison grievances to a conclusion.

On 6/17/02 plaintiff forward a new 42 USCA §1983 application, motion for leave of court to refile civil Action No. B-00-028 with additional claims, memorandum of claims, in forma pauperis application, and six months inmate trust fund account, (note: and grievance(s)) to the Houston Division.

The clerk in Houston forward my motion for leave of court to refile civil Action No: B-00-028 with additional

Claims to the Brownsville Division on 6/27/02. The motion was docket on 7/17/02 (Doc. #16). The docket sheet does not show that the New application 42 U.S.CA. § 1983, memorandum of claims, in Form pauperis application, a six months trust fund account, and all grievances Step one's and Step two's; was also forward from the Houston Division to the Brownsville Division.

Plaintiff received a court order from magistrate Judge John Black, on his motion for leave of court to refile civil action No. B-00-028 with additional claims. Plaintiff received this order on 7/12/02. This Court's order was signed by Judge John Black on 7/2/02 and it was stamped dated filed by the Clerk Michael N. Milby on 7/8/02.

The Order states; "the facts of this case have not been sufficiently developed to enable the court to determine whether the action should proceed and service of process should be ordered, or whether the action is dismissible because plaintiff has failed to exhaust his administrative remedies. The plaintiff is therefore requested to furnish a more definite statement of facts.

In particular, plaintiff is ordered to recite with specificity, the factual allegations showing that he has exhausted his administrative remedies. In doing so, plaintiff should explain in detail the steps he took in the state grievance procedure and the results therefrom. Plaintiff should also furnish the court with any and all copies of the grievances he filed as well as any and all copies of the responses he received to those grievances. Judge Black gave plaintiff 30 days to comply with the order.

Plaintiff sent all his Original grievances and letters to Edna Kline a family member in Houston, Texas to have copies made, because plaintiff can not have copies made at his unit of location. Edna Kline did forward plaintiff Original grievances and letters plus two copies of each to plaintiff at his unit of location on 8/2/02.

On the same date (8/2/02) the unit mail room returned all the Original grievances, letters and two copies of each back to the sender Edna Kline, under the unit mail room rule 3.9.6.1. Under this rule inmates can not receive packages from indivisual.

Plaintiff received the court order on 7/12/02. Judge Black gave plaintiff 30 days to comply to the order which would be 8/12/02. Plaintiff realized now that his grievances, letters and two copies of each have been returned to Edna Kline, he will not be able to receive them back again through legal services before the court's dead line. Plaintiff therefore filed a motion in Brownsville for an extension of time to allow him to respond to the court's order. This motion was certified and mailed on 8/5/02. The motion was stamped dated on 8/12/02.

Plaintiff Original greivances, letters and two copies of each was mailed to him again at his unit of location on 8/13/02 and he did receive them. Plaintiff was now able to comply to the court's order. Plaintiff sent a more definite statement of Facts, Factual allegations showing that he has exhausted his administrative remedies, proof of exhaustion through letters and grievances to the

Brownsville office on 8/15/02.

On 8/22/02 plaintiff received an order signed by Judge Black on civil action # B-00-028, stating that Docket No. 16, motion for leave of court to refile civil action No: B-00-028, with additional claims is hereby MOOT.

Also that Docket No. 20, motion for extension of time to allow plaintiff to respond to a court order with Brief in support is hereby Denied.

Plaintiff Aver that proof of exhaustion of his administrative remedies through grievances step one's and step two's was in the Houston Division on 6/17/02, alone with a New 42 U.S.C.A. § 1983 application, motion for leave of court to refile civil action No: B-00-028 with additional claims, memorandum of claims, in forma pauperis application and 6 months inmate trust fund account. Therefore before Judge Black made his court order requesting that plaintiff show proof of exhaustion of administrative remedies. This proof was already in the U.S. District Court, Southern District of Texas, Houston Division.

Therefore even if the Judge denied my motion for extension of time to allow plaintiff to respond to a court order, with Brief in support and if plaintiff did comply with the court's order and sent proof of his exhaustion by sending step one's, step two's grievances and letters from the administration department to the Brownsville District court a few days after the court's dead line. The records in the Houston Division will show proof that plaintiff had already exhausted his administrative remedies before this dead line.

Plaintiff aver that before the dead line set by Judge Black to comply with a court order concerning proof of exhaustion of administrative remedies, he did inform the clerk of the Houston Division and the clerk of the Brownsville Division, to please see that his new 42 U.S.C.A. §1983 Application, memorandum of claims, in forma pauperis application, step one's and step two's grievances and 6 months inmate trust fund account be transferred to the Brownsville Division. Plaintiff also informed both clerks of the Judge's court order and that this information was vital and needed to be brought to the attention of the court and filed among the papers of the Brownsville Division, where the cause was before Judge John N. Black in Brownsville Division.

Plaintiff would like to know what is the status of his case now? Plaintiff would like to know what Judge Black meant when he ordered plaintiff motion for leave of court to refile civil Action No. B-00-028 with additional claims is hereby MOOT? Also why was plaintiff motion for extension of time to allow plaintiff to respond to a court order with brief in support was denied?

Is this cause now referred to the Houston Division? Do this now end plaintiff relief suit? Since plaintiff do not understand the status of this Action, he will file an objection to the order to Moot Docket No. 16 and Denial of Docket No. 20 in the Brownsville Division. If this is not necessary please forward the objection back to me. Please inform me of the status of my case and what I need to do to receive relief.

I would like to know if you did receive my letter requesting you to retrieve my New application 42 USCA § 1983, memorandum of claims, in Forma pauperis application, 6 months inmate trust fund account, Step one's and step two's grievances and letters from the administration department of TDCJ-ID, from the United States District court in Houston?

Did the Brownsville District court receive my response to Judge John Black court order to show proof that plaintiff has exhausted his administrative remedies, after 8/12/02 the Judge's dead-line? Was this response considered in the Judge's decision? Was my response to the Judges order placed on the Docket sheet?

Now that Judge Black moot my motion for leave of court to refile civil Action NO: B-00-028 with additional claims, does this end my litigation on my claims:

Will the District court Judge Filemon B. Vela make the final decision to allow my claims on 42 USCA § 1983 to be refiled?

Please inform me how has Judge Black moot of my motion of Leave of court to refile civil Action No: B-00-028 with additional claims effected my case.

What steps am I allowed to pursue now to receive relief?

Please send me a copy of the Docket sheet.
Please respond to the afore mention matters.
Thank you Clerk,
(Return a copy of this letter)

Anthony Dixon
849656