IN The United States District Court
For the Southern District of Texas
Brownsville Division

United States District Court
Southern District of Texas
FILED

OCT 0 7 2002

Michael N. Milby
Clerk of Court

Anthony Dixon §
  Plaintiff-Petitioner
 §
Vs §    Civil Action
 §    NO: B-00-028
Wayne Scott, David Forrest §
Francis Oerther, Joseph §
Holloman, ET AL §
  Defendant-Respondents §

Appeal to The Decision of Judge John Black To Moot, Plaintiff Motion For Leave Of Court To Refile Civil Action NO: B-00-028 with Additional Claims, Denial Of Plaintiff motion For Extension Of Time To Allow Plaintiff To Respond To A Court Order with Brief in support and Denial of Motion of Objection to Magistrate Judge John Black Decision to Moot, Plaintiff Motion For Leave Of Court To Refile Civil Action NO: B-00-028 with Additional Claims and The Denial Of Plaintiff motion For Extension Of Time To Allow Plaintiff to Respond To A Court Order with Brief in support.

TO The Honorable Judge Filemon B. Vela in said court comes now Anthony Dixon Plaintiff in the above

1

styled and numbered cause, and file this motion of Appeal to the decision of Judge John Black to moot Plaintiff motion for leave of court to Refile Civil Action No: B-00-028 with Additional Claims, Denial of Plaintiff motion for Extension of Time to Allow Plaintiff to Repond to A Court Order with Brief in Support and Denial of motion of objection to Magistrate Judge John Black Decision to moot Plaintiff motion for leave of court to Refile Civil Action No: B-00-028 with additional claims and the Denial of Plaintiff motion for Extension of Time to Allow plaintiff to Respond to A Court Order with Brief in support. Plaintiff is appealing the decisions of Judge Black for the following reasons.

I

Plaintiff Civil Action No: B-00-028 filed in the Southern District Court of Texas, Brownsville Division was dismissed by Judge Filemon B. Vela for Failure to Pursue state prison administrative grievances procedures to a conclusion. Judge Vela dismissed the above styled and numbered cause with out prejudice on 10/31/01.

Plaintiff appealed Judge Vela's decision and was granted an appeal to the 5th circuit court of appeals on the 3rd day of April, 2001. Plaintiff filed a motion to dismiss his appeal, so that he may refile his claims with the United States District Court. Plaintiff case was dismissed without prejudice in the United

2.

States District Court. Plaintiff has exhausted his state prison grievances to a conclusion, now he is able to refile his complaint Civil Action No: B-00-028 Refiling is with equitable Tolling of the Texas Statute of limitation during the pendency of the action and any additional state administrative proceedings.

## II

Plaintiff filed a motion for Leave of Court to Refile Civil Action No: B-00-028 with additional claims, a new application 42 U.S.C.A. § 1983, memorandum of claims, in Forma pauperis application, six months inmate trust fund account, step one's and step two's grievances, in the United States District Court, the Southern District of Texas, Houston Division on 6/17/02. The Clerk of the Houston Division Forward only plaintiff's motion for leave of court to refile civil Action No: B-00-028 with additional claims to the Brownsville Division on 6/27/02. The motion was docket on 7/17/02 (Docket # 16). The Docket does not show that the new application 42 U.S.C.A. § 1983, memorandum of claims, in Forma pauperis application, six months inmate's trust fund account, step one's and step two's grievances and letters from administration of TDCD-ID, was also forward from the Houston Division to the Brownsville Division.

## III

Plaintiff received a court order from the Brownsville Division, magistrate Judge John Black, on his motion for leave of court to refile civil Action No:

3.

B-00-028 with additional claims, on 7/12/02. This court order was signed by Judge John Black on 7/2/02 and it was stamped dated filed by the clerk Michael N. Milby on 7/8/02.

The order states, the facts of this case have not been sufficiently developed to enable the court to determine whether the action should proceed and service of process should be ordered, or whether the action is dismissible because, plaintiff has failed to exhaust his administrative remedies. The plaintiff is therefore requested to furnish a more definite statement of facts.

In particular, plaintiff is ordered to recite with specificity the factual allegation showing that he has exhausted his administrative remedies. In doing so plaintiff should explain in detail the steps he took in the state grievance procedure and the results there from. Plaintiff should also furnish the court with any and all copies of the grievances he filed as well as any and all copies of the responses he received to those grievances. Judge Black gave plaintiff 30 days to comply with the order.

## IV

Plaintiff sent all his original grievances and letters to Edna Kline a family member in Houston, Texas to have copies made, because inmates can not get copies made at his unit of location. Edna Kline did forward this plaintiff original grievances, letters from administration department and two copies of each

4.

to plaintiff at his unit of location on 8/2/02. On this same date (8/2/02) the unit mail room returned all the original grievances, letters and two copies of each back to the sender Edna Kline, for violation of mail room rule 3.9.6.1. under this rule inmates can not receive packages from indivisual.

Plaintiff received the courts order on 7/12/02. Judge Black gave plaintiff 30 days to comply to the courts order, which would be 8/12/02. Plaintiff realized now that his grievances, letters from the administration department, and two copies of each have been returned to Edna Kline and he will not be able to receive them back again through legal services before the courts deadline. plaintiff therefore filed a motion in the Brownsville Division requesting an extension of time to allow plaintiff to respond to the courts order. This motion was certified and mailed on 8/5/02. The motion was stamped dated by the clerk in Brownsville on 8/12/02.

Plaintiff original grievances, letters from the administrative department and two copies of each was mailed to plaintiff again at his unit of location on 8/13/02 and he was allowed to receive them. plaintiff was now able to comply to the court's orders plaintiff sent a more definite statement of facts, factual allegations showing that he has exhausted his administrative remedies, proof of exhaustion through letters from the administration department, step one's and step two's grievances to the Brownsville Division on 8/15/02.

5.

On 8/22/02 plaintiff received an order signed by Judge John Black on Civil Action # B-00-028, stating that Docket No: 16, motion for leave of court to refile civil action No: B-00-028, with additional claims is hereby Moot. Also that Docket No: 20, motion for extension of time to allow plaintiff to respond to a court order with brief in support is hereby Denied.

Plaintiff Aver that proof of exhaustion of his administrative remedies through grievance step one's and step two's was in the Houston Division on 6/17/02, alone with a new application 42 U.S.C.A. § 1983, memorandum of claims, in forma pauperi's application and 6 months inmate trust fund account. Therefore before Judge Black made his court order requesting that plaintiff show proof of exhaustion of administrative remedies by the courts dead-line of 30 days from the date plaintiff received notice 7/12/02 to 8/12/02, this proof was already in the United States District Court, Southern District of Texas, Houston Division. The Clerk of the Houston Division failed to forward this information to the Brownsville Division, alone with the motion forward to the Brownsville Division requesting leave of court to refile Civil Action No: B-00-028 on 6/27/02.

V

Therefore even if Judge Black denied my motion for an extension of time to allow plaintiff to respond to a court order, with brief in support and plaintiff did —

6.

comply with the court's order and sent proof of his exhaustion by sending step one's, step two's grievances and letters from the administrative department to the Brownsville District Court a few days after the court's dead-line. The records in the Houston Division will show proof that plaintiff had already exhausted his administrative remedies before the dead line and shown proof.

Plaintiff aver that before the dead line set by Judge Black to comply with the court's order concerning proof of exhaustion of administrative remedies, plaintiff did inform the Clerk of the Houston Division and the Clerk of the Brownsville Division, to please see that his new application 42 U.S.C.A. §1983, memorandum of claims, in forma pauperis application, step one's and step two's grievances and 6 month inmate trust fund account be transferred from the Houston Division to the Brownsville Division.

Plaintiff also informed both Clerks of the Judge's Court Order and the dead-line and that this information is vital and needed to be brought to the attention of the court and filed among the papers of the court of the Brownsville Division, where the cause is before Judge John N Black in Brownsville Division.

## VI

(I) On 8/23/02 Filed a motion of Objection to Magistrate Judge John N. Black decision to moot, plaintiff motion for leave of court to Refile civil Action

7.

NO: B-00-028 with Additional claims and the Denial of Plaintiff motion for Extension of time to Allow plaintiff to Respond to A court order with Brief in Support. On 9/12/02 magistrate Judge John Black Denied this motion of Objection just previously mention.

Plaintiff is a layman at Law and do not understand why Judge Black as moot, plaintiff Leave of Court Motion to refile civil Action B-00-028, Denied request for extension time motion and Denied plaintiff motion of Objection to the decision to moot, plaintiff motion for leave of Court to Refile civil Action No: B-00-028 with Additional claims and the denial of plaintiff motion for extension of time to allow plaintiff to respond to a court order with Brief in Support. Plaintiff has requested the court to explain these decisions and their meaning to civil Action NO. B-00-028 and what must be done to obtain relief.

## VII

Plaintiff request Disposition on civil Action No: B-00-028, on refiling to be reviewed De-Novo by the District Court. Plaintiff request to be allowed to refile civil Action No: B-00-028. Proof of exhaustion has been filed in the Brownsville and Houston Division of exhaustion of Prison grievances, alone with a more definite statement.

## VII

Wherefore For all the reasons stated above plaintiff aver that Judge John Black should not have ordered his motion For leave of court to refile civil Action No: B-00-028 with additional claims moot. Judge Black should not have Denied plaintiff motion For extension of time to allow plaintiff to respond to a court order with Brief in support. Judge Black should not have denied plaintiff motion of Objection to the Judge decision to moot, plaintiff motion for leave of court To refile civil Action No: B-00-028 with additional claims and the denial of plaintiff motion for extension of time to allow plaintiff to respond to a court Order with Brief in support.

Wherefore plaintiff pray that this motion be granted and plaintiff be allowed to refile civil Action No: B-00-028 in the united State District court.

## Verification

I Anthony Dixon #849656 plaintiff/pro se being presently incarcerated in the Rufe Jordan unit of the Texas department of Criminal Justice - Institutional Division declare under penalty of perjury that according to my belief and knowledge the foregoing information and allegations are true and correct. Signed on 9/26/02

Respectfully submitted
*Anthony Dixon*
Anthony Dixon #849656

## Certificate of Service

I Anthony Dixon plaintiff/Pro se in the above entitled, styled and numbered cause do hereby certify that a true and correct copy of this motion to Appeal to the Decision of Judge John Black to moot, plaintiff Motion for Leave of Court to Refile Civil Action No: B-00-028 with Additional Claims, Denial of plaintiff motion for extension of time to allow plaintiff to Respond to a court order with Brief in support and Denial of motion of Objection to magistrate Judge John Black Decision to moot Plaintiff motion for Leave of Court to Refile Civil Action No: B-00-028 with additional claims and the Denial of plaintiff motion for Extension of time to Allow plaintiff to Respond to A court order with Brief in support, has been mailed united States postage prepaid, on this <u>26th</u> day of September, 2002 addressed to:

Judge Filemon B. Vela
United States District Court
Southern District of Texas
600 East Harrison St. # 101
Brownsville, TX 78520

Respectfully Submitted
Anthony Dixon
Anthony Dixon
849656- L-103T
1992 Hilton Rd
Pampa, TX. 79065

11.