Anthony Dixon
849456 - 2-103T
1992 Hilton Rd
Pampa, Texas 79065
10/8/02

United States District Court
Southern District of Texas
FILED

OCT 16 2002

Michael N. Milby
Clerk of Court



OCT 16 2002
Michael N. Milby, Clerk of Court

Staff Counsel
The United State District Court
Southern District of Texas
Brownsville, Division
600 East Harrison, Room 101
Brownsville, Texas 78520

MISC.

Re: ~~Civil~~ Action # B-00-028

Dear Sir,

I am writing you to request the status on the above numbered cause. Cause # B-00-028 had previously been dismissed for failure to exhaust administrative prison grievances to a conclusion.

This cause was dismissed (Doc. #12) without prejudice. Wherefore plaintiff is allowed to refile this cause when he has exhausted his administrative prison grievance to a conclusion. Plaintiff has exhausted his administrative prison grievances to a conclusion.

On 6/17/02 plaintiff forward a new 42 U.S.C.A. § 1983 application, motion for leave of court to refile civil action No: B-00-028 with additional claims, memoranda of claims, in forma pauperis application, six months

inmate trust fund account and step one's and step two's grievances, to the Houston Division.

The clerk in Houston forward only my motion for leave of court to refile civil Action No: B-00-028 with additional claims to the Brownsville Division on 6/27/02. The motion was docket on 7/17/02 (Doc # 16). The docket sheet does not show that the new application 42 U.S.C.A. § 1983, memorandum of claims, in forma pauperis application, six months trust fund account and all grievances was also forward from the Houston Division to the Brownsville Division.

Plaintiff received a court order from magistrate Judge John Black, on his motion for leave of court to refile civil action No: B-00-028 with additional claims, on 7/12/02. This Court's order was signed by Judge John Black on 7/2/02 and it was stamped dated filed by the Clerk Mickael N. Milby on 7/8/02.

The Order stated: The facts of this case have not been sufficiently developed to enable the court to determine whether the action should proceed and service of process should be ordered, or whether the action is dismissible because plaintiff has failed to exhaust his administrative remedies. The plaintiff is therefore requested to furnish a more definite statement of facts.

In particular, plaintiff is ordered to recite with specificity the factual allegations showing that he has exhausted his administrative remedies. In doing so, plaintiff should explain in detail the steps he

2.

took in the state grievance procedure and the results there from, plaintiff should also furnish the court with any and all copies of the grievances he filed as well as any and all copies of the responses he received to those grievances. Judge Black gave plaintiff 30 days to comply with the order.

Plaintiff sent all his original grievances and letters to Edna Kline a family member in Houston, Texas to have copies made, because plaintiff could not have copies made at his unit of location. Edna Kline did forward plaintiff original grievances and letters plus two copies of each to plaintiff at his unit of location on 8/2/02.

On the same date (8/2/02) the unit mail room returned all the original grievances, letters and two copies of each back to the sender Edna Kline, under the unit mail room rule 3.9.6.1. Under this rule inmates can not receive packages from individual.

Plaintiff received the court order on 7/12/02. Judge Black gave plaintiff 30 days to comply to the order which would be 8/12/02. Plaintiff realized now that he will not be able to receive the legal package back again through legal services, before the court's dead-line. Plaintiff therefore filed a motion in Brownsville for an extension of time to allow him to respond to the courts order. This motion was certified mailed on 8/5/02. The motion was stamped dated on 8/12/02, by the clerk of the U.S. Dist. court.

Plaintiff original grievances, letters and two copies of each was mailed to him again at his unit of location on 8/13/02 and he did receive them. Plaintiff was now able to comply to the court's order. Plaintiff sent a more definite statement of facts, factual allegations showing that he has exhausted his administrative remedies, proof of exhaustion through letter and grievances to the Brownsville office on 8/15/02.

On 8/22/02 plaintiff received an order signed by Judge Black on Civil Action # B-00-028, stating that Docket No: 16, motion for leave of court to refile civil action No: B-00-028, with additional claims is hereby Moot. Also that Docket No: 20, motion for extension of time to allow plaintiff to respond to a court order with brief in support is hereby Denied.

Plaintiff aver that proof of exhaustion of his administrative remedies through grievances step one's and step two's was in the Houston Division on 6/17/02, alone with a new 42 U.S.C.A. § 1983 application, motion for leave of court to refile civil action No: B-00-028 with additional claims, memorandum of claims, in forma pauperis application and 6 months inmate trust fund account. Therefore before Judge Black made his court order requesting that plaintiff show proof of exhaustion of administrative remedies. This proof was already in the U.S. District Court, Southern District of Texas, Houston Division.

Therefore even if the judge denied my motion for extension of time to allow plaintiff to respond to a

court order, with brief in support and if plaintiff did comply with the court's order and sent proof of his exhaustion by sending step one's, step two's grievances definite statements, and letters from the administration department to the Brownsville District Court a few days after the court's dead-line. The records in the Houston Division will show proof that plaintiff had already exhausted his administrative remedies before this dead-line.

Plaintiff aver that before the dead-line set by Judge Black to comply with a court order concerning proof of exhaustion of administrative remedies, he did inform the clerk of the Houston Division and the clerk of the Brownsville Division, to please see that his new 42 U.S.C.A. § 1983 application, memorandum of claims, in forma pauperis application, step one's & step two's grievances and 6 months inmate trust fund account be transferred to the Brownsville Division. Plaintiff also informed both clerks of the judge's court order and that this information was vital and needed to be brought to the attention of the court and filed among the papers of the Brownsville Division where the cause was before Judge John N. Black in Brownsville Division.

Plaintiff would like to know the status of cause No: B-00-028. On 8/23/02 filed an objection in a form of a motion title — Motion of Objection to Magistrate Judge John Wm. Black's Decision to Moot Plaintiff Motion for leave of court to Refile civil

Action No: B-00-028 with Additional claims and the Denial of Plaintiff's motion for Extension of time to Allow plaintiff to Respond to a court order with Brief in support. This motion was Denied by Judge John Black also on 9/12/02.

Plaintiff would like to know what is the status of his case now? Plaintiff would like to know what Judge Black meant when he ordered plaintiff motion for leave of court to Refile Civil Action No: B-00-028, with additional claims is hereby MOOT? Also why was plaintiff motion for extension of time to Allow plaintiff to respond to a court order with Brief in support, was Denied. Why was the Objection to Judge Black's MOOT order and motion Denied? Magistrate Judge John Black also denied my "Motion of Objection to magistrate Judge John N. Black decision to moot, Plaintiff Motion for Leave of court to Refile Civil Action No: B-00-028, with Additional claims and the Denial of Plaintiff motion for Extension of Time To Allow Plaintiff To Respond To A court Order with Brief in support. I thought District Judge Filemon B Vela, would answer the Objection motion?

I would like to know if the Brownsville District Court received my response to Judge John Black court order to show proof that plaintiff has exhausted his administrative remedies, after 8/12/02 the Judge's dead-line? Was this response considered in Judge's decision to deny my Objection motion (Docket #24)?

Why was my new application 42 USCA § 1983, memorandum of claims, in forma pauperis application, 6 months inmate trust fund account, step one's and step two's grievances and letters from the administration department of TDCJ-ID, not retrieved from the Houston Division upon request I made the clerk in the Brownsville Division? The information that Judge Black requested was in the Houston Division alone. I made that clear as possible.

Now that Judge Black has moot my motion for leave of court to refile civil action No: B-00-028 with additional claims, denied my motion for extension of time to respond to a court order and denied my objection to magistrate Judge John Black decision to moot, plaintiff motion for leave of court to refile civil action No: B-00-028 with additional claims and the denial of plaintiff motion for extension of time to allow plaintiff to respond to a court order with brief in support, does this end my litigation on my claims? Will the District Court Judge Filemon B. Vela make the final decision to allow my claims on 42 USCA § 1983 to be refiled?

Please inform me of what is meant by Judge Black decision to moot my motion. What is the status of my claim at this point and what must I do now to obtain relief?

Please respond to the aforementioned matters. Let me know what I must do now and the status of my claim. Thank you.

(Please stamp date and return the copy)

Anthony Dixon
849656