The United States District Court
For the Southern District of Texas
Brownsville Division

Anthony Dixon §
    Plaintiff §
V §      Civil
  §      Action No: B-00-028
Wayne Scott, David Forrest, §
Francis Oether, Joseph §
Holloman  ET. Al. §
    Defendants §
  §

Petition For Certificate Of Appealability

To The Honorable Judge of said Court:
  Comes Now Anthony Dixon, Plaintiff in the above styled and numbered cause and files this petition for Certificate Of Appealability of the denial of his 42 U.S.C. § 1983, Civil Action No: B-00-028.

I

The Showing Required For The Issuance Of a Certificate Of Appealability

  Obtaining a certificate of appealability requires a substantial showing of constitutional error. 28 U.S.C § 2253(c)(2); Drinkard v Johnson, 97 F.3d 751,756 (5TH Cir. 1996 Rule 22(b) F.R.A.Proc. and Rule 60 F.R.C.Proc. (Rule 60 (a,b). This entails that the question (s) at issue be (A) debatable among reasonable Jurists (B) of a type which could be

1.

resolved in the plaintiff's favor, or (c) "adequate to deserve encouragement of further proceedings". Lozada v. Deeds, 498 U.S. 430, 432, 111 S.Ct. 860, 862, 112 L. Ed. 2d 956 (1991).

## II

### The Question(s) At Issue

Has plaintiff exhausted his administrative Remedies in order to proceed on his 42 USC § 1983 complaint? And has plaintiff presented substantial proof that he has exhausted his administrative Remedies?

## III

The actual question to be presented, Has plaintiff exhausted his administrative Remedies and presented substantial proof that he has exhausted his administrative Remedies in order to proceed on his 42 U.S.C. § 1983 Civil Action complaint?

This question should be considered, because it is (a) debatable among reasonable jurists, (b) of a type which could be resolved in the petitioner's/plaintiff's favor, and its "adequate to deserve encouragement of further proceeding". Lozada v Deeds, 498 U.S. 430, 432, 111 S.Ct. 860, 862, 112 L. Ed 2d 956 (1991).

Petitioner Anthony Dixon ("Dixon") filed a Civil Rights complaint under 42 U.S.C § 1983. (Docket No. 1). The matter was referred to the magistrate judge (John Black) who

recommended that Dixon's lawsuit be dismissed because Dixon failed to pursue his administrative remedies to their conclusion. (Docket No. 9). The district Judge (Filemon B. Vela) adopted the magistrate Judge's report and recommendation and overruled the objection that Dixon filed (Docket No 12). After withdrawing his appeal to the Fifth Circuit, Dixon filed a motion for Leave of Court to Refile Civil Action No. B-00-028 with Additional Claims (Docket No. 16).

At this point Dixon has received all of his step two's grievances, which exhaust his administrative remedies. On 7/2/02 Judge John W Black ordered Dixon to furnish a more definite statement of fact, see e.g., Watson V. Ault, 525 F.2d 886, 893 (5th Cir 1976). In particular, Dixon was ordered to recite with specificity the factual allegations showing that he has exhausted his administrative remedies. Dixon must explain in detail the steps he took in the state grievance procedure and the results therefrom. Dixon must also furnish the court with any and all copies of the grievances he filed as well as any and all copies of the responses he received to those grievances. Dixon was given 30 days to comply with the order (Docket No. 17).

Petitioner filed a motion for Leave of Court to Refile Civil Action No: B-00-028, with additional claims, A new Application 42 USC § 1983, memorandum of claims, In Forma Pauperis application, six months inmate trust fund account, step one's and step two's

3.

grievances and letters from the administrative department of TDCJ-ID, in the United States District Court, The Southern District of Texas, Houston Division on 6/17/02.

The Clerk of the Houston Division forward only plaintiff motion for leave of court to refile civil Action No: B-00-028 with additional claims to the Brownsville Division on 6/27/02. The motion was docket on 7/17/02 Docket No: 16. The Docket does not show that the clerk forward the new application 42 USC § 1983, memorandum of claims, in forma pauperis application, six months inmate trust fund account, step one's, step two's, and letters from administrative department of TDCJ-ID, to the Brownsville Division. At this point petitioner has complied with the order of Judge John Black.

After petitioner realize that Judge Black had not received his proof of administrative exhaustion in form of grievances and letters from TDCJ-ID administrative department from the Houston Division, he than inform both clerk of the Houston and Brownsville Division as well as Judge John Black that this information needed to be transferred from the Houston to the Brownsville Division.

Petitioner now decided to try to send copies of his Statements of Fact, grievances and letters to the Brownsville Division himself. Plaintiff sent all his original grievances and letters to Edna Kline a family

4.

member in Houston, Texas to have copies made, because inmates can not get copies made at their unit of location. Edna Kline did forward this plaintiff Orginal grievances, letters from TDCJ administrative department and two copies of each to plaintiff at his unit of location on 8/2/02. On this same date the unit mail room returned all the Orginal grievances, letters and two copies of each back to the sender Edna Kline, for violation of mail room rule 3.9.6.1. Under this rule inmates can not receive packages from indivisuals.

Plaintiff received the court order on 7/12/02 from Judge Black, allowing him 30 days to comply to the courts order, which would be 8/12/02. (Deadline). Plaintiff therefore filed a motion in the Brownsville Division requesting an extension of time to allow plaintiff to respond to the court's order. This motion was certified and mailed on 8/5/02. (Docket No: 20).

Petitioner did receive the grievances and letters through the prison mail system. Plaintiff was now able to comply to the court's order. Plaintiff sent a more definite statement of facts, factual allegations showing that he has exhausted his administrative remedies, proof of exhaustion through letters from TDCJ-ID administrative department, step one's and step two's grievances to the Brownsville Division on 8/15/02. Plaintiff has asked for an extension of time to comply to the Judge's order. He is only three days late.

5.

On 8/22/02 plaintiff received an order signed by Judge John Black on civil Action # B-00-028, Stating that Docket No:16, motion for leave of court to refile civil Action No: B-00-028, with additional claims is hereby MOOT. Also that Docket No: 20, motion for extension of time to allow plaintiff to respond to a court order with Brief in support is hereby Denied.

Therefore even if Judge Black denied plaintiff motion for an extension of time to allow him to respond to the court's order (Proof of exhaustion Admin. Remedies) with Brief in support and plaintiff did comply with the courts order and sent proof of his exhaustion by sending step one's, Step two's grievances and letters from the administrative department to the Brownsville District court a few days after the court's dead line. The records in the Houston Division will show proof that plaintiff had already exhausted his administrative remedies before the dead-line and shown proof.

Plaintiff aver that before the dead line set by Judge Black to comply with the court's order concerning proof of exhaustion of administrative remedies, plaintiff did inform the Clerk of the Houston Division and the Clerk of the Brownsville Division to please see that his new application 42 USC §1983, memorandum of claims, in forma pauperis application, Step one's and Step two's grievances, 6 months inmate trust fund account and

6.

letters from TDCJ-ID administrative department be transferred from the Houston Division to the Brownsville Division. Plaintiff also informed both clerk's of the Judges court order and dead line and that this information was vital and needed to be brought to the attention of the court and filed among the papers of the court of Brownsville Division, where the cause is before Judge John Black in the Brownsville Division. Plaintiff also informed Judge Black that Houston Division already had the proof the plaintiff has exhaust his administrative remedie

Plaintiff filed motion objection to magistrate Judge decision to moot his complaint and to deny an extension of time to comply to the order. (Docket no. 21, 24, 26 and 27).

Plaintiff received an order from United States District Judge, Filemon B Vela, that the above motions are hereby Denied.

Wherefore for all the reason stated above plaintiff aver that Judge Black or Vela should not have ordered his motion for leave of court to refile civil Action NO B-00-028 with additional claims moot. The Judge should not have Denied plaintiff motion for extension of time to allow plaintiff to respond to a court order with brief in support.

7.

## Prayer

Wherefore plaintiff pray that this motion for petition for certificate of appealability be granted to the United States Court of Appeals for the 5th circuit.

## Verification

I Anthony Dixon # 849654 plaintiff being presently incarcerated in the Rufe Jordan unit of the Texas Department of Criminal Justice - Institutional Division declare under the penalty of perjury that according to my belief and knowledge the foregoing information and allegations of this petition for Certificate of Appealability is true and correct. Signed on 12/13/02.

Respectfully submitted

*Anthony Dixon*
Anthony Dixon 849654
1992 Hilton Rd
Pampa, Texas 79065

## Certificate OF Service

I Anthony Dixon, Plaintiff in the above entitled, styled and numbered cause do hereby certify that a true and correct copy of this Petition For Certificate of Appealability has been mailed united states postage prepaid, on this the ___16___ day of December, 2002 addressed to:

The united states District court
Southern District of Texas
Brownsville Division
600 East. Harrison Street #101
Brownsville, Texas 78520

Respectfully Submitted
_Anthony Dixon_
Anthony Dixon 849656
1992 Hilton Rd
Pampa, Texas 79065