United States Court of Appeals
Fifth Circuit
F I L E D
October 22, 2003
Charles R. Fulbruge III
Clerk

United States District Court
Southern District of Texas
FILED
NOV 1 7 2003
Michael N. Milby
Clerk of Court

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-40158
Conference Calendar

ANTHONY DIXON,

                Plaintiff-Appellant,

versus

WAYNE SCOTT; DAVID FORREST; FRANSIC OERTHER, Director of Willacy Medical Department; NO FIRST NAME RODRIGUEZ, No First Name Given; GARY JOHNSON; E. BRAVO; R. OROZCO; JOSEPH HOLLOMAN; RICKY POOL; FRANK HOKE; VICKY BARROW; JOHN DOE DELEON,

                Defendants-Appellees.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. B-00-MC-28
---------------------

Before KING, Chief Judge, and JOLLY and STEWART, Circuit Judges.

PER CURIAM:*

    Anthony Dixon, Texas prisoner # 849656, appeals from the denial of his motion to reopen his 42 U.S.C. § 1983 suit to adduce evidence that he had exhausted his administrative remedies. We find no abuse of discretion. See In re Liljeberg Enters., 304 F.3d 410, 453 n.113 (5th Cir. 2002).

    Insofar as Dixon contends that he has supplied the necessary documentation of exhaustion to both the Brownsville and Houston

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 03-40158
-2-

Divisions of the Southern District of Texas, neither court's docket supports that contention. Moreover, not only has Dixon failed to provide any documentary evidence in support of his motion to reopen his 42 U.S.C. § 1983 suit, he has never provided a more definite statement as requested by the district court. In light of the foregoing, it cannot be said that he suffered an injustice when the district court refused to reopen his case. See In re Liljeberg Enters., 304 F.3d at 453 n.113. The issue whether Dixon exhausted his administrative remedies is not before us; Dixon dismissed his appeal to this court from the judgment dismissing his complaint for failure to exhaust administrative remedies. See Dixon v. Scott, No. 02-40800 (5th Cir. July 9, 2002) (unpublished).

Dixon's appeal lacks arguable merit and is therefore dismissed as frivolous. See 5TH CIR. R. 42.2; Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Dixon is informed that the dismissal of this appeal as frivolous counts as a strike for purposes of 28 U.S.C. § 1915(g), see Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996), and he is cautioned that once he accumulates three strikes, he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

APPEAL DISMISSED; THREE-STRIKES WARNING ISSUED.